*1116 The opinion of the court was delivered by
Watkins, J.
William T. Richards died in the city of New Orleans on the 19th of May, 1896, leaving an estate which was inventoried at one hundred and sixty-eight thousand seven hundred and thirty-one dollars and eight cents — consisting of improved real estate situated in the city of New Orleans, cash, stocks, bonds and other securities.
The succession was entirely free from debt.
The deceased left surviving, neither widow nor forced heirs; and he disposed of his property by an olographic last will, wherein he made a number of special legacies, and constituted the Charity Hospital at New Orleans residuary legatee.
He appointed Joseph 0. Gilmore sole executor and made a bequest in his favor of two improved lots situated on St. Oharles avenue, carrying an inventoried value of seven thousand five hundred dollars.
On the petition of the designated executor — he being at the same time a practising attorney at law — the will was admitted to probate, letters testamentary were issued to him and he was duly qualified and entered upon the discharge of the duties of his trust.
Subsequently, the executor employed an attorney at law to co-operate with and assist him in the management of the business and affairs of the estate; and said attorney joined the executor and co-operated with and assisted him in the management and administration until the final completion thereof by filing a final account.
There was no litigation in reference to the succession up to the filing of the final account; and the matter of litigation now before us arises upon an opposition on the part of the Charity Hospital, as residuary legatee.
The character and extent of the opposition can be best presented in the following extract from the brief of counsel for the opponent, viz.:
“ The opposition of the Charity Hospital was to nine items of the account, as follows, to-wit:
1. Possible provision for care of tomb. $1,000 00
2. Appraiser’s fees. 300 00
3. Notary’s fees. 1,050 00
4. Auctioneer’s fees. 2,967 14
■5. Clerical wort and preparing the account. 300 00
6. Reserved for the homologation of the account.. 150 00
7.|TAmount retained to be advanced for certain taxes. 550 00
8. Attention and nursing in last illness. 300 00
9. Attorneys’ fees, J. C. Gilmore and George P. Lapeyre. 12,000 00
*1117 The further statement of the brief puts the' grounds of opposition very concisely in the following paragraph, viz.:
“These items are opposed as unauthorizéd and excessive, and with respect to the item of attorneys’ fees, for the further reason that the executor being himself an attorney was bound to render such services as were required, the estate being entirely solvent and the proceedings purely formal and not justifying the employment of any other counsel; and that if any fee should be ordered to be paid to such other counsel, then that it should be debited to the executor, personally, in account with the estate, as no services of other counsel were at all necessary.” Pages 3 and 4.of opponent’s brief.
On the trial there was judgment sustaining the opposition in the following particulars, namely:
1. In respect to the provision for the care of the tomb of the deceased, one thousand dollars.
2. Clerical work in preparing the account,"three hundred dollars.
3. Amount retained to cover taxes, five hundred and fifty dollars. .
4. Attention and nursing in last illness, three hundred dollars.
5. So much of the item of attorneys’ fees as may have been intended as allowing a fee to J. C. Gilmore being stricken out and disallowed.
And the following items were reduced as follows, viz.:
(a) Appraiser’s fee of three hundred dollars to thirty-two dollars.
(b) Notary’s fee of one thousand and fifty dollars to five hundred and fifty dollars.
(c) Auctioneer’s fee of two thousand nine hundred and sixty-seven dollars and fourteen cents to one thousand five hundred and fifty-two dollars and forty-one cents.
(d) Amount reserved to cover homologation of account of one hundred and fifty dollars to seventy-five' dollars.
(jb) The amount allowed out of the total sumni twelve thousand dollars awarded on account for the attorneys’ fees is so as to allow George F. Lapayre, attorney, one thousand five hundred dollars.
The decree sustaining the opposition rejected and disallowed the first series of items altogether; and reduced those of the second series so as to conform to the opposition.
From that judgment the executor appeals; and likewise George F. Lapeyre, Phillip M. Gilmore, Mrs. Fanny Thompson and the two^ appraisers, W. Y. Gilmore and T. N. Gilmore.
*1118 Answering these several appeals, the opponent affirms the correctness of the judgment of the lower court in all respects except ■one, that is to say as to the amount awarded George F. Lapeyre as ■attorney; and in that respect its contention is that same should be disallowed altogether.
But, in the alternative that any sum is awarded in his favor, that a similar amount be debited against the executor personally.
Our learned brother of the lower court went over the case very carefully in his reasons for judgment, and the record itself was made up in his presence, in greater part — giving him a peculiarly intimate acquaintance with all of its details, as well as knowledge of the kind and value of the services that were performed by the various claimants who figure on the executor’s account.
From the record it appears that the administration of the execu - tor only continued for a period of four months from the time the will was probated to the date of filing the final account; and that during that time only such formal acts were performed by the employed counsel of the executor, as preparing a petition for the sale of the property of the succession for the purpose of discharging legacies and settling the estate; preparing a petition for the homologation of the inventory; one for authority to draw money from bank; one for authority to pay privileged claims; one for authority to extend a mortgage note, and one for special authority to deposit funds in the ■Canal Bank.
In addition to the foregoing there were but few other purely formal acts done by either the executor or his attorney at law.
In oral arguments and briefs, the principal question discussed and impressed upon our attention was that of attorneys’ fees — the correctness of the judgment on other questions seeming, inferentially at least, to have been conceded.
Counsel for opponent concedes that if, in our opinion, anything is ■due in the way of attorneys’ fees, the amount of fifteen hundred dollars, as allowed by the court, is not excessive; and in our opinion, we deem it unquestionable that something in the way of attorneys’ fees is due, notwithstanding the executor is an attorney at law.
We understand that principle to have been settled by this court in the recent case of Fenner, Henderson & Fenner vs. Succession of McCan, 49 An., and to that opinion we adhere.
But, as in every case of attorneys’ fees, the court must deal with *1119 the question as one of law based upon a quantum meruit, we will, of course, not tie its decision down by precedents as to amount to be awarded in any given case; but we will appraise the services rendered according to an estimation of value and the circumstances surrounding it.
Taking this view of the matter in hand.,.it is our deliberate judgment that the District Judge entertained a proper appreciation of the services performed and rendered a proper decree.
Judgment affirmed.