PROYOSTY, J.
In the present proceeding, brought by the two sons-in-law of Mrs. Hellwege for her interdiction, the court pronounced the interdiction, and fixed at $1,000, payable out of the estate of the interdict, the fee of Mr. Wall, the attorney appointed by the court, under article 391, Civ. Code, to represent the defendant in the proceeding for interdiction, and the curator of the interdict has appealed, and complains that the allowance is too large, and should be reduced to $250.
In support of this complaint, it is said that the duties ¿nd services of counsel appointed by the court to represent a defendant in interdiction proceedings, where the defendant is unable to select counsel for himself, are limited to the defense of the interdiction suit, and end with the judgment of interdiction; that they extend no further, and that Mr. Wall’s services consisted in satisfying himself through inquiries and by a visit to the asylum that the defendant in interdiction was manifestly insane, and then by cross-examination of the six witnesses produced by plaintiffs in interdiction to assure himself that proper proof was produced to justify a decree of interdiction; that these services required only the exertion of ordinary legal knowledge, and imposed upon counsel only an ordinary amount of labor and responsibility; that, had Mrs. Hellwege selected Mr. Wall and contested her interdiction in a hotly contested litigation, there would have been room to claim that $250 was inadequate compensation, but that she paid no attention to the papers served upon her asking for her interdiction; that, when Mr. Wall visited the asylum, he asked her if she had received the papers, and she replied that she had, but that it was only a joke, and meant nothing.
In behalf of the appellee it is urged that no appointment by the court, no duty more sacred, and no obligation more heavy could be laid upon the shoulders of counsel than was given to Mr. Wall in this case; that his client, Mrs. Edna Hellwege, was a widow of the late president of the Bank of Orleans, whose social standing in the community was of the highest; that her husband, who had died a few years previous, had left a fortune of over a quarter of a million, and it behooved her attorney, under the appointment of court, to act with the same diligence and industry and to exercise the same knowledge and skill to properly represent her as if Mrs. Hellwege herself had selected him; that it is impossible for this court to know how much labor was involved on the part of Mr. Wall outside of the hearing and presence of the court; that Mr. Wall himself testifies that he interviewed probably 15 persons regarding her condition, and that evidently the lower court before whom the services were rendered appreciated the character of the attention given by Mr. Wall to this important appointment, which resulted in bringing before the court conclusive evidence that Mrs. Hellwege’s mental condition was such that the court was justified in pronouncing its judgment of interdiction, satisfied beyond peradventure of a doubt that this woman so prominent and wealthy had received at the hands of the attorney selected for her by the court services of the highest professional character.
The curator was placed upon the stand to *1027 prove the value of the interdict's estate, which he fixed in the neighborhood of $50,-000, and two members of the bar testified on behalf of Mr. Wall. One, Mr. W. S. Parkerson, testified that the services were woeth $1,000; the other, Mr. T. M. Miller, that they were worth from $800 to $1,000. Mr. Parkerson said that in his opinion a proper fee for plaintiff’s lawyer would be $2,000. Mr. Miller said a proper fee for plaintiff’s attorney would be $1,500 to $2,000. Counsel for plaintiffs in interdiction testified that he had charged $750 for his services, and had been influenced in making the charge by no other consideration than his belief that $750 was sufficient compensation. The same counsel now representing the curator says that the services rendered by counsel for plaintiffs in interdiction in a case like this one are vastly more important, and entail the exercise of vastly more professional skill and labor, than the services of counsel for defendant in interdiction; that counsel for plaintiff bears the burden of carefully and fully satisfying himself that the defendant should be interdicted -before he undertakes to deprive the defendant of liberty; that he carries with him the burden of satisfying himself of the motives of those seeking to interdict and the necessity for taking a step so radical that, even if unsuccessful, it will leave a stain upon the defendant; that he must examine into the proof which can be furnished, interview the witnesses, consult medical experts, see to the presence in court of all necessary witnesses, and assure himself that the evidence which can be produced will leave no doubt in the mind of the court; that his work outside of the court is much more laborious, and occupies much more time than the work of defendant’s counsel where no defense is made, or can be made, and that the professional skill required in building up a record is necessarily greater than in examining the record to see if the work is well done.
The eases in which this court has had occasion to fix the fees of lawyers for professional services are numerous. Dorsey v. His Creditors, 5 Mart. (N. S.) 401; State ex rel. St. Amand v. Bank of Commerce, 49 La. Ann. 1074, 22 South. 207; Succession of McCarty, 3 La. Ann. 518; Stein v. Bowman, 9 La. 284; Breaus, Fenner & Hall v. Justice Francke, 30 La. Ann. 336; Francke v. His Wife, 29 La. Ann. 302; Interdiction of Leech, 45 La. Ann. 194, 12 South. 126; Succession of W. T. Richards, 49 La. Ann. 1115, 22 South. 317; Edelin v. Richardson, 4 La. Ann. 503; Succession of Jackson, 30 La. Ann. 463. It is not probable that anything which the court could say here would add anything to what has been already said in those cases touching what considerations should weigh, and what principles should govern, in a matter of this kind. [1] We shall therefore content ourselves here with the citation of those cases, and, adding that we do not agree with the contention that in a case like this, the responsibility of counsel for the defendant is any less or the services necessarily any less than-those of the counsel for the plaintiff. The allowance, however, is too large. Under all the circumstances, we think that an allowance of $750, the same amount charged by plaintiff’s counsel, would be entirely reasonable.
[2] The judgment appealed from is therefore amended by reducing to $750 the fee allowed the counsel of the interdict, and, as thus amended, the said judgment is affirmed.
On Application for Rehearing.
[3] The judgment in this case is hereby made more explicit by expressly providing that the costs of appeal are to be paid by appellee.