MONROE, C. J.
Plaintiff, a resident of New Orleans,’ brought this suit, in the parish of Iberville, for the interdiction of defendant, who is her mother, alleging that “she * * * since August, 1907, notoriously has been, and now is, subject to a habitual state of insanity and imbecility, and has not the power or capacity to take care of her person or ner property.” A citation, addressed to defendant, as residing in the parish of Iberville, appears to have been served upon her personally, in the city of New Orleans. A few days after the service so made, James E. Dunlap, alleging himself to be a creditor of “the commercial firm of Barrow & Le Blanc, formerly composed of Lucretia *321 P. Barrow and B. O. Le Blanc,” with permisr sion of the • court, intervened in the case, praying that the suit be dismissed, that plain: tiff be ordered to show cause why the order which had been made, appointing an administrator pro tempore, should not be rescinded, and that the administrator be enjoined from interfering with the alleged rights of the intervener to manage and administer tlie interest of the defendant in the partnership mentioned, for the purpose of cultivating, harvesting, and handling the crop on Pecan plantation; and the rule and writ were issued accordingly. The administrator pro tempore and the plaintiff excepted to the intervention ; the plaintiff! filed an answer thereto; the intervener filed an exception to the effect that the court was without jurisdiction, quoad the defendant, for the reason that she resided in the parish of Orleans; defendant made no appearance, no one was appointed to represent her, judgment by default was entered against her, and there was a trial upon which a great deal of evidence, oral and documentary, concerning defendant’s mental condition and other matters, was adduced, after which there was judgment, pronouncing the interdiction and dismissing the intervention, and from the judgment so rendered; the intervener prosecutes this appeal. The suggestion (by the intervener) that defendant was unrepresented appears to have been made, for the first time, in this court; and the trial judge was evidently laboring under some misapprehension in regard to the conditions upon which the case was submitted to him, for, he says in his reasons for judgment, “Mrs. Barrow’s answer is a general denial,” which is an error, as there is no appearance by Mrs. Barrow, and could be none if the allegations of plaintiff’s petition and the conclusion reached by our learned Brother are well founded, since in that case she has no capacity to appear in court, and no one was appointed to represent her. Counsel for plaintiff, after quoting C. O. 391, argue that its meaning is that, where suit for interdiction is brought by relatives, the .party made defendant and sought to be interdicted need not be represented, and that it is only in cases where interdiction is sought by strangers, or where the judge acts ex officio, that the requirements of the article that the judge shall “name” counsel for the defendant, if one be not already named, is to be complied with. We do not so understand the article; and if there were no provision upon the subject, we should still be of opinion that no judgment, predicated upon allegation and evidence in its support that a person is insane, and which pronounces the interdiction of such person, can, under any circumstances or for any purpose, be sustained, where it appears that no answer was filed in behalf of, and no counsel represented, or was named by the court to represent, the person thus sought to be interdicted.
“A judgment rendered against a person legally incapacitated to defend himself * * * ought to be considered as one rendered ‘without parties and absolutely void.’ ” Bernard v. Vignaud, 1 N. S. p, 9; Segur v. Pellerin, 16 La. Ann. 68; Breaux, Fenner & Hall v. Francke, 30 La. Ann. 338; Interdiction of Hellwege, 128 La. 1025, 55 South. 661.
It is therefore ordered that the judgment herein rendered by the district court be avoided and annulled, and that the case be remanded to said court to be there proceeded with according to law and to the views expressed in this 'opinion; the costs of the appeal to be paid by plaintiff; all costs of the district court, save those incurred for the filing of the petition for interdiction and the service -of citation on defendant, to be paid by plaintiff, or intervener, or both plaintiff and intervener, as may hereafter be determined - by said court; and the question of the liability, as between plaintiff and defendant for the costs of filing the petition for interdiction and serving citation on defendant, to await the final decision.
PROVOSTX, J., recused.