ST. PAUL, J.
This is a proceeding to revoke an alleged interdiction. The petition is meager in its recitals, but we gather that Preston Oliver and his wife complain that the said Preston Oliver was summarily committed to the insane asylum at Pineville, by the district court of Rapides parish, under the provisions of Act 68 of 1918, p. 100, being an act to provide proper proceedings “for the admission of insane persons * * * to the insane hospitals of the state.”
Their complaint is that the alleged interdiction was pronounced without citing said Oliver, and without opportunity given him to defend himself; that he was not then insane and is not now insane. They seem to conceive that such proceedings have the same effect upon his civil capacity and right to manage his own affairs, as have the proceedings for interdiction authorized by the Civil Code, arts. 389 to 426; and hence, that “the interdiction can only be revoked by the same solemnities which were observed in pronouncing it.” C. C. art. 421.
They implead the defendants as being the parties at whose suggestion and upon whose information the commitment was made.
The defendants except that the husband, having been interdicted, cannot bring this suit or stand in judgment therein; that the wife is without interest therein; that in any event they (the defendants) are not the parties against whom these proceedings should be brought.
I.
It cannot be doubted that the interdicted person who recovers his sanity is the ■proper party to bring the action to revoke his interdiction, and that he has the same capacity to stand in judgment when the interdiction is revoked as he had when such interdiction was pronounced. -He is indeed the one most interested in revoking the interdiction; and if it were otherwise, then an interdicted person who recovers h-is sanity would yet be without a remedy unless some one should volunteer to assist him, which other person would always be met, as in this' case, by a plea of want of interest. There is no doubt whatever that Oliver himself has capacity to bring these proceedings, if any such proceedings are needed in this case. The fact that his wife joins him, even if without interest, does not impair that right, and her presence in the suit is of no consequence.
II.
On the other hand, the defendants are clearly not the parties to defend this suit, if any proceedings at all to remove the alleged interdiction be needed. For in interdictions under the Code, which may be brought about on the application even of strangers (O. C. art. 391), the action to revoke such interdiction ought certainly to be carried on contradictorily with the curator appointed to administer the property of the in *665 terdict, and from whom alone he can recover it, the party at whose instance the interdiction was pronounced having neither interest nor concern in any subsequent proceedings.
III.
 But the fact of the matter is that this whole proceeding is irregular and unnecessary. It does not appear from the petition whether said Oliver be or be not still confined in the asylum. .If still confined, his remedy is by habeas corpus to obtain his release. If not still confined, then his release put an end to the whole matter, a commitment to an insane asylum not being an interdiction within the meaning of the Civil Code aforesaid, and no formal proceeding to revoke it being at all necessary.
Thus, in Vance v. Ellerbe, 150 La. 388, 404, 90 South. 735, 740, this court, in speaking of commitments-to the state insane asylum under sections 1768 et seq. of the Revised Statutes of 1870 (the former law on that subject), said:
“The law provided then, and has continued to do so until the present day, two separate proceedings for dealing wih persons of unsound mind; the one for the restraining and confining of insane persons for their own and the public’s protection, which is ex parte and in the name of the state, and the other dealing with the civil and property rights of such persons. One is informal, and need not be set aside when the patient recovers; while the other is highly formal, and, requires all the solemnities of contested judicial proceedings, including a formal judgment to restore civil rights after the mental derangement has ended.” (Italics ours.)
It therefore appears that, although there is here a proper party plaintiff, yet there is no proper party defendant, and that the whole proceeding is irregular and unnecessary ; and accordingly the judgment dismissing the suit is correct.
Decree.
The judgment appealed from is therefore affirmed.