(94 South. 368)

No. 25416.

## STATE v. MARTIN.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

Courts &sext;224(6)—Raising of constitutional question does not confer jurisdiction on Supreme Court when sentence below jurisdictional limits.

 Under Const. 1921, art. 7, § 10, where the fine imposed in a criminal case does not exceed $300 and the imprisonment does not exceed six months, the Supreme Court has no jurisdiction of an appeal, though a constitutional question is raised.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

 Ed Martin was convicted of possessing intoxicating liquors for beverage purposes, and he appeals. Appeal dismissed.

 Foster R. Taylor, of Arcadia, and Drew & Drew, of Amite, for appellant.

 A. V. Coco, Atty. Gen., W. D. Goff, Dist. Atty., of Arcadia (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LAND, J. Defendant was convicted of having in his possession intoxicating liquors for beverage purposes, and was sentenced by the court to pay a fine of $300 and to be imprisoned in the parish jail for 30 days, and, in default of payment of fine, to incarceration in the parish jail for an additional 60 days.

 Defendant filed a motion to quash the indictment returned against him, on the ground that Act 39 of 1921 (Ex. Sess.), under which the indictment was drawn, is unconstitutional, as section 8 of said act attempts to define intoxicating liquor by reference to federal legislation, in contravention of section 18, art. 3, of the Constitution of the State of Louisiana of the year 1921. This motion was overruled, and the act declared to be constitutional by the lower court. Defendant also reserved a bill of exception to the ruling of the trial judge in admitting certain testimony in the absence of a search warrant. As the fine imposed does not exceed $300 and the imprisonment does not exceed six months, this court has no jurisdiction. The mere raising of a constitutional question in a criminal case does not vest jurisdiction in the Supreme Court. Article 7, § 10, Constitution 1921; State v. Price et al., 124 La. 670, 50 South. 647; State v. Gillan, 124 La. 1046, 50 South. 846.

 It is therefore ordered that this appeal be dismissed.

 O'NIELL, J., being absent from the state, takes no part in the decision of this case.