No. 10,350
Orleans

## WOODVILLE & WOODVILLE v. JORDAN THOMAS, Appellant

(February 1, 1926, Opinion and Decree)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Attorneys—Par. 72; Appeal—Par. 625.**

Where the amount allowed by the trial judge to an attorney-at-law for professional services is not manifestly insufficient or excessive, the judgment will be affirmed.

Appeal from the First City Court, Parish of Orleans. Hon. William V. Seeber, Judge.

This is a suit for compensation of an attorney on a basis of a quantum meruit for services rendered. Defendant filed exceptions of vagueness and no cause of action, and denied the allegations of the petition. The exceptions were overruled and there was judgment for plaintiff as prayed for.

The defendant appealed.

Judgment affirmed.

J. A. Woodville, of New Orleans, attorney for plaintiff, appellee.

Ernest J. Robin, of New Orleans, attorney for defendant, appellant.

BELL, J. Plaintiffs sue defendant in the sum of $150.00 claimed as reasonable compensation on a basis of quantum meruit for services rendered. The petition sets forth that the services were for representing the present plaintiff in a certain partition suit brought by one of defendant's daughters against him and defendant's other daughter, and for various consultations had with the defendant and with counsel for plaintiff in the partition suit, and also for the preparation of documents looking toward the sale of the property involved in the partition proceedings.

The defendant filed exceptions of vagueness and of no cause of action, and denied generally the allegations of the petition. It is apparent from the pleadings that the trial court properly overruled all exceptions. There was judgment in the amount prayed for, and defendant has appealed.

The total estimated value of the properties involved in the partition suit are admitted to be about $7500.00. Defendant testifies that he consulted plaintiffs at their office on many occasions, sometimes as often as twice a week, for several weeks; that these consultations were held in regard to his interest in the properties sought to be partitioned, and that he employed plaintiffs to represent him in the partition suit; that plaintiffs attended to the payment of taxes on the properties involved.

The lawyer of the daughter who was plaintiff in the partition suit, corroborates plaintiff's testimony regarding correspondence and consultations had between him and plaintiffs, and that plaintiffs did for defendant "all necessary work which ran over a year". This same witness states that he considered the fee as claimed very reasonable. The record shows that plaintiff's services before the court in the partition proceedings were limited to filing exceptions, and that same were fixed twice for hearing. There is proof that plaintiffs endeavored to have the partition suit amicably settled, and that the several conferences between counsel of record were to that end. It also appears that plaintiffs were discharged by defendant without cause, and before negotiations looking toward a settlement of the partition suit or the arrangements of the sale of the property could be consummated. This evidence is in no way rebutted by the defendant.

The fee as allowed by the trial judge does not in any way appear to be excessive. It has been frequently held that an appellate court will accept the estimate as to value of professional services fixed by the judge a quo where same seem reasonable and fair. Phillip vs. Stewart, 24 La. Ann. 152; Succ. of Percival, 138 La. 543, 70 South. 505; Dinkelspiel vs. Pons, 119 La. 236, 43 South. 1018; Succ. of Richards, 49 La. Ann. 1115, 22 South. 317.

This court has held, in the case of Woodville vs. Hegarty, 11 Orl. App. 335, that in fixing the value of an attorney's services, those rendered out of court are to be taken into consideration quite as much as those rendered in open court. Tempelman Bros. Lumber Co. vs. Sinnot, 9 Orl. App. 305.

We see no error in the judgment appealed from, and same should be affirmed.

Judgment affirmed.