ROGERS, J.
 

 The defendant was charged with violating the prohibition law (Act 39 of 1921). On arraignment, he pleaded not guilty. Subsequently, when the case was called for trial, he withdrew the plea, pleaded guilty, and was released on his bond to await sentence. When he appeared for sentence, defendant filed a motion in arrest of judgment in which he alleged, on various grounds, the unconstitutionality of the statute on which he was being prosecuted. The motion was overruled, defendant reserving a bill to the ruling. The court, in view of defendant’s plea of guilty, sentenced him to pay a fine of $50, to imprisonment for three months in the parish prison, and in default of the payment of the fine to imprisonment for an additional term of 30 days. Defendant then applied for and obtained an appeal to this court from so much of the ruling on his motion in arrest of judgment as failed to sustain his attack on the constitutionality of the statute. ,
 

 Appellant has presented a motion setting forth that his appeal was erroneously brought to this court, which has not jurisdiction thereof, instead of to what he designates as the “criminal district court of appeals for the parish of Orleans,” and he prays for an order transferring his appeal to that court.
 

 As the statute was declared to be constitutional and as neither the fine nor' the imprisonment actually imposed upon the defendant is sufficient to give this court jurisdiction, the appeal must be dismissed, unless the prayer of appellant for its transfer can be granted. Const. art. 7, § 10; State v. Breaux, 143 La. 653, 79 So. 209; State v. Martin, 152 La. 723, 94 So. 368; State v. Roy, 152 La. 933, 94 So. 703.
 

 Appellant bases his application for the transfer of his appeal on the provisions of Act 19 of 1912. That statute authorizes the transfer of an appeal by the Supreme. Court to any of the Courts of Appeal throughout the state — or vice versa — when the appeal has been taken to the wrong court. The Courts of Appeal referred to are clearly the Courts of Appeal established eo nomine by the Constitution. The criminal district' court for the parish of Orleans is not one of those courts. It is, primarily, a court of original jurisdiction, which, in addition to its original jurisdiction, is vested merely with appellate jurisdiction in cases tried before the recorders’ courts. A right of appeal on the law and facts is also given to two or more of the judges of the said criminal district court, in all cases tried before any of the other judges of said court or in the juvenile court, which are not appealable to this court.
 

 Since we have neither the jurisdiction to hear nor the authority to transfer the appeal of the defendant, it must be dismissed.
 

 It is therefore ordered that the appeal herein be dismissed.