ST. PAUL, J.
 

 The deceased made a -will in favor of his wife. Then he became insane and was
 
 committed
 
 to an insane asylum under the provision of Act No. 253 of 1910; but he was never formally
 
 interdicted.
 

 For a while ,his wife remained loyal to
 
 *891
 
 him. But afterwards she had her marriage to him annulled, and then remarried.
 

 Thereupon he made a new will revoking his former’ will and bequeathing his estate to his legal heirs.
 

 The only question involved is whether this later will be valid.
 

 I.
 

 We are not prepared to hold that even a
 
 formal interdiction
 
 deprives the person interdicted ipso facto of all power to make, alter, or revoke a will, even during a lucid interval. The law allows a formal interdiction for other causes than insanity, to wit, physical infirmities. R. C. C. art. 422. See, also, Act 100 of 1890. But it is hardly to be supposed the law meant to deprive a person so interdicted of the right to make a will.
 

 But however that may be, this deceased was never formally interdicted, because a mere commitment to an insane asylum under the provisions of Act No. 253 of 1910 produces none of the effects of a formal interdiction; it is a mere matter of police regulation. Oliver v. Terrall, 152 La. 662, 94 So. 152; Vance v. Ellerbe, 150 La. 388, 90 So. 735. And the only question before us now is whether the later will was made during a lucid interval.
 

 II.
 

 The question is only one of fact; and the uneontradicted evidence in the record Is that the deceased made his later will during one of his lucid intervals, and when he knew full well what he was doing and why he was doing so.
 

 The making of the will was witnessed by a reputable, disinterested, and competent physician, particularly skilled in mental diseases ; and before witnessing the will he watched the testator carefully for many days and satisfied himself that the testator was of sound mind and memory when he made the later will. He is corroborated by the testimony of one of the sisters of the deceased, whose testimony is not- impeached in any way. And the making of the will, under the circumstances first above indicated, was in itself as reasonable an act as could be expected of any one. The trial judge thought the later will valid, and so do we.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.
 

 THOMPSON, J., recused.