ROGERS, Justice.
 

 On July 28, 1931, W. G. Bowden filed suit against Percy M. Nash to foreclose two mortgages — one a vendor’s lien on property in Avoyelles parish and the other an ordinary mortgage on property in Bossier parish. At the time the suit was filed Percy M. Nash, the defendant, was confined in the state insane asylum at Pineville under a commitment issued in accordance with the provisions of Act No. 253 of 1910. Plaintiff alleged defendant’s insanity and his detention in the insane asylum, and, following article 964 of the Code ' of Practice as amended by Act No. 308 of 1910, prayed for the appointment of a curator ad hoc to represent the defendant. The district court made the required order, and the proceedings were regularly carried on contradictorily with the curator ad hoe of defendant. In due course judgment was rendered in plaintiff’s favor, recognizing his mortgage and ordering the property sold to satisfy the debt *
 

 Mrs. Vanira L. Nash, wife of Percy M. Nash, as the curatrix of her insane husband, then brought this suit to annul the judgment against him, on the ground that the judgment was obtained without citation upon petitioner, as the duly appointed and qualified curatrix of her husband. Plaintiff also sought an injunction against the execution of the judgment. The defendants filed an exception of want of capacity and an exception of no cause or right of action. The former exception was sustained, and plaintiff’s suit was dismissed. From that judgment plaintiff has appealed.
 

 The sole question presented on appeal is whether plaintiff has the capacity to prosecute this suit and to stand in judgment herein.
 

 Percy M. Nash was adjudged insane and committed by the district court to the insane asylum on September 8, 1930. Alleging the interdiction of her husband, as a result of the judgment and commitment, Mrs. Vanira L. Nash applied to the district court for permission to qualify as the curatrix of her insane husband. On November 25, 1930, the court made an order confirming Mrs. Nash as curatrix, and letters were duly issued to her, after she had taken the prescribed oath. Therefore Mrs. Nash, the plaintiff herein, contends that on July 28, 1931, when W. G. Bowden sued her husband, Percy M. Nash, she was his duly appointed and qualified curatrix, and that no valid judgment could be rendered against him without citing her as such curatrix.
 

 The defendant W. G. Bowden avers in his exception that plaintiff is without capacity
 
 *605
 
 to prosecute this suit in behalf of Percy M. Nash, “for the reason that she has never been qualified as a curator for the interdict, and for the reason that the said Percy M. Nash, has never been civilly interdicted, as required by the laws of the State of Louisiana, all as shown by the record of this court, attached to and made part of the petition in this suit.”
 

 We think defendant’s exception was correctly sustained by the court below. Percy M. Nash was never formally interdicted, because a mere commitment to an insane asylum under the provisions of Act No. 253 of 1910 produces none of the effects of a formal interdiction; it is a mere matter of police regulation. Vance v. Ellerbe, 150 La. 388, 90 So. 935; Oliver v. Terrall, 152 La. 662, 94 So. 152; Succession of Conner, 165 La. 890, 116 So. 223.
 

 Plaintiff’s argument that her appointment and qualification as curatrix of her husband is not susceptible to a collateral attack is untenable. Percy M. Nash never has been adjudged an interdict, and the order confirming plaintiff as his curatrix is without legal effect. Cf. Gore v. Barrow, 137 La. 320, 68 So. 625. The invalidity of such an order may be shown by any party in interest wherever and whenever it is sought to be enforced.
 

 Since Percy M. Nash is not an interdict, but merely an insane person committed by an ex parte proceeding to a state insane asylum, plaintiff is not the curatrix of an interdict, and she is wholly without capacity to file and prosecute this suit as such curatrix.
 

 For the reasons assigned, the judgment appealed from is affirmed.