SIERRA v. FIRST NAT. BANK OF MORGAN CITY et al.

No. 1285.

Court of Appeal of Louisiana. First Circuit. Jan. 22, 1934.

Chas. L. Wise and Leonard C. Wise, both of Morgan City, for appellant.

C. A. Blanchard, of Morgan City, for appellees.

LE BLANC, Judge.

Plaintiff instituted this suit to recover of C. P. Lynch and Frank L. Prohaska, liquidators of the First National Bank of Morgan City, and the Bank of Morgan City & Trust Company, which purchased the assets and assumed the obligations of the First National Bank of Morgan City, the sum of $1,451, which he alleges he had on deposit in the said First National Bank of Morgan City at the time of the sale of its assets. There was judgment in his favor, and this appeal was taken.

After the trial of the case and before judgment was rendered in the lower court, plaintiff was committed to the insane asylum at Pineville, in this state, under order signed by the district judge. Counsel for the defendants, appellants before this court, by motion, suggest to the court that the interdict has never had a curator appointed to represent him, and that the case should now be remanded to the lower court for the purpose of having one named and appointed so that he could be made a party to this proceeding. The necessary order is prayed for in the motion. Counsel annexed to their motion copies of certain proceedings had in court, which, on examination, we find to be a regular commitment to an insane institution under Act No. 253 of 1910, and not a formal interdiction proceeding under the provisions of the Civil Code (see Art. 389 et seq.). A commitment such as the one in this case has been held to be a mere matter of police regulation and produces none of the civil effects of a formal interdiction under the Code. See Succession of Connor, 165 La. 890, 116 So. 223; Vance v. Ellerbe, 150 La. 338, 90 So. 735; Oliver v. Terrall, 152 La. 662, 94 So. 152. A person therefore is not deprived of his property rights under a mere commitment and does not have to have a curator appointed to protect him in such rights unless he has been formally interdicted in a proceeding regularly brought under the provisions of the Civil Code. We find no merit in the motion to remand, and it is therefore overruled.

On the merits of the case we find that the sale of the assets of the First National Bank of Morgan City to the Bank of Morgan City & Trust Company and the assumption by the latter bank of the obligations of the former are not disputed, the defense being that the plaintiff had no such deposit as he alleges in his petition, and that, if he had, it had all been withdrawn.

Plaintiff's account with the First National Bank of Morgan City dated back as far as the year 1912. In March, 1913, according to his passbook, he had a balance of $590 on deposit. That balance was transferred and brought forward in another passbook taken by him in 1914. On June 16 of that year he deposited the sum of $200, and made other deposits until March, 1917, at which time his passbook was balanced and shows him to have a balance of $539.90. Subsequent deposits at rather long intervals brought the total amount of his account to the sum of $1,551. The passbook shows no further withdrawals, but plaintiff himself admits that he drew a check for $100 against the account in the year 1921 when he was on a voyage from Morgan City to Mexico. This check was drawn in Rockport, Tex. Deducting that $100 from the passbook balance leaves the amount he is suing for, that is, the sum of $1,451. Plaintiff produced the passbook which he had in his possession, and it is shown that all entries therein made are in the handwriting of some person formerly connected with the First National Bank of Morgan City and authorized to make them.

The plaintiff has thus, by satisfactory proof, shown that he had a deposit in the First National Bank of Morgan City, and also what the amount of that deposit was, and he is therefore entitled to recover from that bank unless it can be shown that he had, before the sale of its assets to the Bank of Morgan City & Trust Company, withdrawn it. There is not a bit of direct proof that in any way tends to show that he, at any time since February 19, 1916, has withdrawn anything except the sum of $100, for which he gave a check to a bank in Rockport, Tex., some time during the year 1921, and proof of this withdrawal was submitted by himself. He produced his own checks which showed all withdrawals prior to this last one in 1921, and defendants were unable to offer any proof, either documentary or otherwise, that he had ever withdrawn any more. It is suggested that plaintiff was a laboring man, and therefore it is hard to believe that he would not have had to draw on his funds in the bank from time to time during the length of time he had that money in the bank. But suggestions do not constitute proof. The testimony shows that this plaintiff left Morgan City in 1921 and went to work as a mechanic or engineer on schooners or boats plying between Texas ports and Mexico, and that he earned good wages. It is also shown that, when he returned to Morgan City in 1932, he withdrew money from another bank where he had also kept it, during his absence abroad. It strikes

**136**

us that, if plaintiff had not been honest in presenting this claim, he would as easily tried to include the $100 he withdrew in 1921, for, as far as he was aware, the bank had no more proof of that item than it had of any other withdrawal it might claim had been made. It may be unfortunate for the defendants that the records of the First National Bank had been destroyed after the liquidation of its affairs had been practically completed, as these records might have contained some of the proof they had to have to properly defend this suit. But the fact that they no longer exist cannot be charged to any act of the plaintiff and cannot affect his rights herein.

■ We deem it unnecessary to go into any lengthy discussion of the plaintiff's rights to demand his deposit under the circumstances shown to exist. The sale of the assets of one bank to another is expressly provided for by statute. See Act No. 193 of 1910. The formalities for such a transfer are therein prescribed, and they all appear to have been observed in the sale in this case. The statute particularly reserves to the depositor in the selling bank, however, the right to "withdraw his deposit in full on demand after such transfer, irrespective of the terms under which it was deposited with the selling bank." The act of sale itself, the original being produced and filed in the record, clearly establishes the liability of the purchasing bank, which, indeed, we do not understand to be disputed in the event we hold the plaintiff entitled to recover at all.

■ We do not believe that the defendants prosecuted this appeal for the purpose of delay only, and decline to impose the penalty for frivolous appeal as asked for by the plaintiff in his answer to the appeal.

Judgment affirmed.