LAND, Justice.
 

 On March 5, 1923, Wesley L. Kelly, by judgment of the civil district court for the parish of Orleans, was adjudged incapable of taking care of his person and of his property, and was placed under interdiction.
 

 In due course, his mother, Mrs. Theresa F. Kelly, was appointed and qualified as curatrix, and relator, George C. Kelleher, was appointed and qualified as undercurator of the interdict.
 

 The curatrix continued to act as such up to June 18, 1935, when she died in the city of New Orleans, thereby creating a vacancy in the office.
 

 On July 2, 1935, Thomas J. Kelly, brother of the interdict, presented a petition to the court calling a family meeting to recommend a discreet and proper person to be appointed curator of the interdict.
 

 The family meeting convened, but could not agree upon the appointment or the necessity of the appointment of a curator and refused to recommend such appointment.
 

 On July 11, 1935, Whitney National Bank, executor of the estate of Mrs. Theresa F. Kelly, presented a petition to the court, and, after alleging the failure of the family meeting to recommend the appointment of a curafor, prayed that Bentley G. Byrnes be appointed “provisional curator,” for the reason that there was in the hands of the New York Life Insurance Company of New York the sum of $40,000 life insurance, made payable to the heirs of Mrs. Theresa F. Kelly, deceased curatrix, in which fund the interdict had one-eighth interest, and that the insurance company would pay the proceeds only to a duly qualified curator of the interdict.
 

 On July 11, 1935, an order was signed appointing Bentley G. Byrnes as “provisional curator.” He qualified July 16, 1935.
 

 On July 12, 1935, Wesley L. Kelly, in his own proper person, presented a petition to the lower court to set aside the judgment of interdiction, alleging that he was fully capable of taking care of his person and his property, and praying that a curator ad hoc be appointed against whom the proceedings might be conducted; and Bentley G. Byrnes was appointed curator ad hoc also.
 

 On July 25, 1935, George C. Kelleher, undercurator of Wesley L. Kelly, interdict, presented a petition to the lower court, alleging the capacity of Wesley L. Kelly to care for his person and his property, and his desire to set aside the judgment of interdiction. He also prayed that a family meeting be convened to recommend the appointment of some fit and proper person as
 
 *583
 
 curator against whom the proceedings might be conducted contradictorily.
 

 On the same day a family meeting was ordered convened, composed of the sisters, brothers, and friends of the interdict, to deliberate upon the subject-matter of the petition and to make the necessary recommendations.
 

 On July 29, 1935, Bentley G. Byrnes, appearing by rule, both as “provisional curator” and “qurator ad hoc,” cited the persons named in the order convoking the family meeting and the notary public before whom the meeting was to be held to show cause why an order should not issue to prevent the notary and the members of the family meeting designated in the order from holding such meeting.
 

 The rule avers that there is no need for a curator, as mover has already qualified as “provisional curator” and given bond, and has already been appointed curator ad hoc to represent the interdict in these proceedings.
 

 On August
 
 7,
 
 1935, respondents in rule, through their attorney, Charles Fletchinger, filed an exception of no right or cause of action to the rule of the “provisional curator” and “curator ad hoc.”
 

 On July 29, 1935, the family meeting duly convened, and recommended the appointment of Mrs. Winifred Kelly Groetsch, a sister of Wesley L. Kelly, as curatrix, upon the execution of a bond by her in the sum of $10,000 with good and solvent sureties.
 

 On August
 
 7,
 
 1935, the rule to show cause, and the exception of no right or cause of action came up for hearing, and were argued and submitted in connection with the recommendations of the family meeting, and the matter was taken under advisement by the trial judge, Hon. Michel Provosty of the civil district court.
 

 On October 1, 1935, judgment was rendered, and was signed October 11, 1935, ordering that the rule be made absolute, and setting aside and recalling the selection of a curatrix by the family meeting held on July 29, 1935, and reaffirming the selection of Bentley G. Byrnes as curator ad hoc, made on the 11th of July, 1935.
 

 Relator, on October 23, 1935, applied to this court for the issuance of writs of certiorari, mandamus, and prohibition, directed to the Honorable Michel Provosty, judge of division C of the civil district court for the parish of Orleans.
 

 1. The issue to be decided in this case is whether, upon the death of the curatrix, it became necessary to appoint a curator, against whom Wesley L. Kelly, seeking to set aside the judgment of interdiction, must proceed, or whether the appointment of a curator ad hoc, in such a proceeding, is all that is required by law.
 

 This is not an original proceeding to have 'a person interdicted. If it were, it would be proper to appoint an attorney at law to represent the defendant, whose interdiction is prayed for. C.C. art. 391.
 

 But, in the instant case, Wesley L. Kelly is seeking to have the judgment of interdiction set aside, and to recover his property and its control, while the office of curatrix is vacant.
 

 
 *585
 
 It is provided in article 409 of the Civil Code that: “The curatorship shall not devolve upon the undercurator when the same shall become vacant; but when it shall become necessary to appoint another curator, it shall be the duty of the undercurator to cause such an appointment to be made.”
 

 Article 415 of the Civil Code provides that the laws applying to tutors also apply to curators of interdicted persons as to “the mode of administering,” “the sale of the estate,” and “the mode of rendering the accounts, and the other obligations.”
 

 No such power or duties are conferred by law upon a mere curator ad hoc. The estate of the interdict is neither in the possession of a curator ad hoc to be delivered to the interdict, should the judgment of interdiction be set aside, nor has a curator ad hoc, as such, any power of administration, nor is he under any legal duty to render accounts. Such powers are conferred by law exclusively upon tutors, curators, and administrators. It is not only clear, but it is essential, that the vacancy in a curatorship should be filled by a curator, and by no one else, in a suit brought by an interdict to set aside the judgment of interdiction and to recover his estate, which necessarily includes accounting for its administration.
 

 As said in Oliver et ux. v. Terrall et al., 152 La. 662, at pages 664, 665, 94 So. 152, 153: “On the other hand, the defendants are clearly not the parties to defend this suit, if any proceedings at all to remove the alleged interdiction be needed. For in interdictions . under the Code, which may be brought about on the application even of strangers (C.C., art. 391), the action to revoke such interdiction ought certainly to be carried on contradictorily with the curator appointed to administer the property of the interdict, and from whom alone he can recover it, the party at whose instance the interdiction was pronounced having neither interest nor concern in any subsequent proceedings.”
 

 As the appointment of a curator was necessary in this case, the undercurator has discharged the duty imposed upon him by law, under article 409 of the Civil Code, in asking that such appointment be made.
 

 It follows, necessarily, from the conclusion that- we have reached, that a “provisional curator” should not have been appointed in the case.
 

 Article 394 of the Civil Code provides that:
 
 “Pending the issue of the petition for interdiction,
 
 the judge may, if he deems it proper, appoint for the preservation of the movables and for the administration of the immovable estate of the defendant, an administrator pro tempore.” (Italics ours.)
 

 Article 405 of the Civil Code also provides that: “This appointment (curator) is made according to the same forms as the appointment to the tutorship of minors.
 

 “After the appointment of the curator to the person interdicted, the duties of the administrator pro tempore, if he shall not have been appointed curator, are at an end; and he shall give an account of his administration to the curator.”
 

 It follows, consequently, that, when it becomes necessary to appoint a curator, the “provisional curator,” or “administrator pro
 
 *587
 
 tempore,” is in no position to contest such appointment or to claim a superior right to be appointed curator.
 

 We fail to find any article in the Civil Code that provides for the appointment of a “provisional curator,” or “administrator pro tempore,” in the case of vacancy in a curatorship and where the interdict has sued to set aside the judgment of interdiction and to repossess his property.
 

 Such proceeding, by its very nature, contemplates final action, looking to the end of the curatorship and the settlement of its affairs, and not to further administration of the interdict’s estate, as a merely temporary and conservatory measure.
 

 Our conclusion is that the undercurator of the interdict has proceeded properly in this case, and is entitled to have duly homologated the proceedings of the family meeting recommending the appointment of a curator to fill the vacancy and as a proper person to defend this suit.
 

 It is therefore ordered that the rule nisi issued herein be made absolute, and that a writ of mandamus issue to the Honorable Michel Provosty, judge of division C of the civil district court for the parish of Orleans, directing him to set aside the appointment of Bentley G. Byrnes as curator ad hoc, and to proceed with the appointment of a curator vice Mrs. Theresa F. Kelly, deceased curatrix, in accordance with the recommendations of the family meeting held on July 29, 1935, to the end that the suit of Wesley L. Kelly to annul the judgment of interdiction may proceed to trial as against a duly qualified curator capable in law of standing in judgment in such a suit.
 

 It is further ordered that writs of prohibition also issue herein, directed to the Honorable Michel Provosty, judge of division C of the civil district court for the parish of Orleans, and also to Bentley G. Byrnes, in his capacities as “provisional curator” and curator ad hoc, prohibiting them, and each of them, from proceeding further in this cause in a manner contrary to the ruling of this court herein.
 

 And it is further ordered that said writs be made perpetual.