PER CURIAM.
On December 17, 1945, R. A. Johnson, an employee in the office of the Coroner of the Parish of Orleans brought this proceeding under the provisions of Section 13 of Act ^303 of 1944, seeking to have committed to the East Louisiana State Hospital at Jackson, La., Rufus C. Bryant.
The first paragraph of this section reads as follows: “Commitment by the Court: Upon the application of any responsible person, accompanied by a certificate from the coroner and one other qualified physician, as set out in Section 12, the judge of the civil district court may commit to any mental institution any person within his jurisdiction who is mentally ill, mentally defective, epileptic or inebriate, when, in his opinion, the welfare of the individual and the community is served best by his commitment to said institution.”
Bryant was ordered committed to that institution but shortly thereafter was released as being “without phychosis”.
Shortly thereafter he brought this proceeding in the Civil District Court for the Parish of Orleans, making the said R. A. Johnson defendant and praying that the commitment proceedings be set aside ab initio and alleging ill practice on the part of the said defendant, and alleging also that in the commitment proceedings he had been denied due process of law.
On April 5, 1946, there was judgment in his favor.
The City of New Orleans joined the said R. A. Johnson in an application for a new trial which was granted.
On November 4, 1946, there was judgment dismissing Bryant’s suit. His application for a new trial was denied and Bryant applied to the Supreme Court for writs of certiorari and mandamus. His application was refused, the Supreme Court saying r “Since the relator concedes that he has a right to appeal, and complains only of the slowness of that process, his remedy is to> 'take his appeal and ask the appellate court to advance the case to the summary docket or preference docket. As a rule this court does not exercise its supervisory jurisdiction in a case where the complainant has: a right of appeal from the judgment complained of.”
Thereupon Bryant appealed devolutively to this Court.
Defendants have filed a motion to dismiss, the appeal or, in the alternative, to transfer it to the Supreme Court for either or both of the following reasons:
1. That the matter involves the sanity vel non of Bryant and that therefore the Supreme Court alone has jurisdiction of the appeal.
2. That the constitutionality of Section 13 of Act 303 of 1944 has been challenged and that therefore the Supreme Court and not this Court has jurisdiction of the appeal.
We shall consider first the contention that since the sanity vel non of Bryant is involved, the Supreme Court has jurisdiction of the appeal.
It is not disputed that in matters in which no money amount is involved we are given jurisdiction of all appeals except those in, which, by express constitutional provision the appeal is to be taken to the Supreme Court, but counsel for appellees argue that a question of sanity is one of the matters, of which the Supreme Court is expressly given jurisdiction by Section 10 of Article 7. They point to the following language in that section: “It (the Supreme Court) shall have appellate jurisdiction of all suits * * * for interdiction, * * And they say that a suit for the commitment of a person on the ground that his mind! *254 is in such condition that he should be committed to a mental institution is in reality a suit for interdiction.
There is no doubt that if this were a suit for interdiction the Supreme Court alone would have jurisdiction of the appeal and we might find some force in the argument just above referred to if there were not a well-recognized distinction between an interdiction and a commitment. But there is such a well-recognized distinction both in our statute law and in our jurisprudence.
In the statute law we have the very statute which is under consideration which, on its face, provides expressly for commitment without any requirement that there be first an interdiction. And in our jurisprudence we find that there has long been recognized a distinction between a commitment and an interdiction.
In Nash v. Bowden, 178 La. 602, 152 So. 305, 306 the Supreme Court, referring to the person involved, said that he “is not an interdict, but merely an insane person committed by an ex parte proceeding to a state insane asylum.”
In Succession of Connor [Livaudais v. Bynum et al.], 165 La. 890, 116 So. 223, 224, appears the following: “a mere commitment to an insane asylum under the provisions of Act No. 253 of 1910 produces none of the effects of a formal interdiction; it is a mere matter of police regulation. * * * ” See also Vance v. Ellerbe, 150 La. 388, 404, 90 So. 735, 740; Oliver v. Terrall, 152 La. 662, 94 So. 152; Sierra v. First Nat. Bank of Morgan, La.App., 152 So. 134.
Since there is a vast distinction between a commitment under police regulations and' an interdiction and since the Supreme Court, though expressly given jurisdiction of appeals in interdiction proceedings is not expressly given jurisdiction of appeals in matters of commitment, we feel that we and not that court have jurisdiction of this appeal.
We next consider the contention that since the constitutionality of the Act of 1944 is challenged the Supreme Court has jurisdiction.
 As a matter of fact this challenge to the constitutionality of the statute was not expressly raised in the trial court. Furthermore, it is manifest that that act was not held to be unconstitutional. It is not in every case in which the constitutionality of a statute is questioned that the Supreme Court is given jurisdiction of the appeal. Jurisdiction is conferred on that court— if it has not otherwise obtained jurisdiction —only when the ordinance or statute hasy been held to be unconstitutional. State v. Town of Pollock, 108 La. 594, 32 So. 558; State v. Hunter, 114 La. 939, 38 So. 686; State v. Kramer, 127 La. 1033, 54 So. 341; Young v. City of Crowley, 131 La. 780, 60 So. 242; State v. Breaux, 143 La. 653, 79 So. 209; Paul v. Tabony, 157 La. 400, 102 So. 503; State v. Ginalva, 165 La. 304, 115 So. 571.
We are unable to agree that for either of the reasons presented, we are without jurisdiction.
It is therefore ordered, adjudged and decreed that the motion to dismiss the appeal be and it is overruled.
Motion to dismiss overruled.