### STAFFORD vs. STAFFORD.

APPEAL from the court of the sixth district.

Sentence of interdiction cannot be pronounced on exparte evidence.

PORTER, J. delivered the opinion of the court. The plaintiff applied to the parish judge of Avoyelles, to have sentence of interdiction pronounced on the defendant, his sis-

er. After hearing evidence, taken for the purpose of proving the facts on which that interdiction was demanded, the judge acceded to the prayer of the petitioner, and decreed accordingly.

The defendant having been informed of this decree, presented a petition of appeal which was granted, and the cause carried regularly to the district court. On coming to trial there, no other evidence being offered in support of the demand for interdiction, than that which had been taken *ex-parte* in the court of probates, the district court gave judgment, and the plaintiff appealed.

It is the opinion of this court that the district judge did not err. The right to cross-examine witnesses is one of vast importance to the citizen, and the rule of law by which that right is assured, cannot be dispensed with, unless in cases where the legislature have clearly established a different principle. It is contended they have done so in that now before us, because the first evidence must necessarily be *ex-parte*, and the law has provided that the superior court may, *if they deem it necessary*, proceed to the hearing of *new proofs*. The error in this argument is, in supposing the

first proof must necessarily be *ex parte*. If indeed, the party interdicted is in reality insane, the examination must necessarily be *ex-parte*, although he is cited to hear it. But, if on the the contrary, the petition of interdiction is solicited, from malice, or through error, against one of sound mind, it is not perceived by us why the proceedings should be carried on, without his knowledge. So far from it, that we think it indispensable he should have the opportunity afforded him to hear and confront those, who by their evidence are about to deprive him of all control over his actions, and take from him the enjoyment of his property. The defendant had a right to demand in the appellate court, legal proof of his insanity, and that legal proof was not furnished by testimony taken out of her presence. The principles on which this case has been supported might place the wisest man in the community under the control of a curator, and hold him up to the world as an adjudged insane.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

Vol. i. (n. s.)       70

West'n District
Sept. 1823.

STAFFORD
vs.
STAFFORD.

*Baldwin* for the plaintiff, *Thomas* for the defendant.