Western Dist.
September, 1834.

BABINEAU
ET ALS.
vs.
BENDY ET ALS.

---

## BABINEAU, CURATOR, &c. vs BENDY AND DUGAT.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The law presumes certain formalities, which must be pursued in order to obtain a judgment of interdiction against a person above the age of majority.

The law presumes every person above the age of majority, capable of managing his own affairs; even deaf and dumb persons not excepted.

Where a person has not been interdicted, in pursuance of law; but being deaf and dumb, and a curator appointed to manage his affairs, such curator, cannot claim a legal mortgage on the real estate of another, who has intermeddled, and collected moneys due said deaf and dumb person.

This action was commenced by the plaintiff, as curator of Jean Babineau, alleged to be an interdicted person, against one Joseph Dugat, to render him liable for intermeddling with the estate of said Babineau, for the sum of two thousand dollars, with a legal mortgage, from the time of such intermeddling; and against W. Bendy, to subject a plantation purchased by him, from Dugat, since the above mortgage attached. The plaintiff alleges that Jean Babineau was deaf and dumb, from his nativity, and incapable of managing his affairs; that in January, 1819, one J. C. Guilbeau, was

WESTERN DIST.
September, 1834.

BABINEAU
ET ALS.
vs.
BENDY ET ALS.

regularly appointed a curator of said Babineau, who collected and received considerable sums inherited by the latter, and died in 1820, without rendering any account. That in 1821, Joseph Dugat, maternal uncle to the interdicted, then without any curator, took upon himself, without any authority, to administer his estate, and collected and received from the widow and heirs of Guilbeau, the former curator, about the sum of two thousand dollars, which he still retains: that in consequence of such interference, without authority, or any appointment, all his property from that date became legally mortgaged for the payment of all sums which may be found due by him. That since then, and in the year 1831, the said Dugat, sold a sugar plantation to one W. Bendy, which was, and is liable to said mortgage, in favor of said interdicted, and that said Dugat, has left this state, and is now absent therefrom: The plaintiff, further alleges, that he has been duly appointed curator, to the said Jean Babineau, and as such, fully authorised to administer his affairs: He prays that a curator *ad hoc*, be appointed to represent Dugat, and that he be duly cited, and that he have judgment against the said Dugat, for the sum of two thousand dollars, with a legal mortgage, on all the real property possessed and owned by him, since the year 1821, until final payment, and that the said Bendy, be cited to show cause, why the plantation, purchased by him, should not be seized and sold in payment of said claim.

The defendant, Bendy, pleaded a general denial; admitted the purchase of the plantation, from Dugat, now absent in Texas, for a valuable consideration, and who bound himself to warrant the title thereto: He prays, that a curator *ad hoc*, be appointed to represent and defend said Dugat, and that the plaintiff's demand be rejected.

But in case judgment should go against the land, he prays judgment against Dugat, annulling the sale and decreeing the re-payment of five hundred dollars, which he has advanced, and that his notes be given up and cancelled, &c.

The curator *ad hoc*, of Dugat, pleaded a general denial, &c.
32

WESTERN DIST.
September, 1834.

BABINEAU
ET ALS.
vs.
BENDY ET ALS.

The evidence showed, that when the first curator of Jean Babineau died, in 1820, Dugat being the maternal uncle of the latter, took him to his house and acted as his curator, and administered his person and estate, without any legal appointment, from any court whatever ; that he kept the said interdicted until he (Dugat) absconded from the state, in 1831. In 1821,Dugat made a settlement with the representatives of the late curator, and received the sum of two thousand dollars, on account of said Jean Babineau, which he never paid over, and still owes. The plaintiff also produced in evidence the act of sale from Dugat to Bendy, of the plantation claimed, made in 1831.

The court, after hearing all the evidence, gave judgment against Dugat for the sum of two thousand dollars, with legal interest from judicial demand, *without* recognising any legal mortgage on any of his property, and discharged Bendy from all liability, on account of the plantation.

The plaintiff appealed.

The only sentence of interdiction ever pronounced, appears to have been made in 1819, by a family meeting of the relations of said Jean Babineau, when he was twenty-eight years of age, before the parish judge of St. Martin, which is written in the French language. These proceedings were homologated, and Guilbeau was appointed curator to the interdicted. The judgment of homologation, is written in English. The evidence showed, that the only infirmity which the interdicted labored under, was want of hearing and speech, that he was deaf and dumb, from his nativity.

*Simon*, for the plaintiff.

1. Contended, that under the *art. 3283, of the La. Code*, there is a legal mortgage on the property of those who have intermeddled with the administration of property of interdicted persons. Dugat, without being legally appointed the curator of Jean Babineau, but having holden himself out as curator, duly appointed to the said individual, has received a sum of two thousand dollars, in the right of said Babineau, has now become subject to the consequences of his intermeddling.

2. A curator had formerly been appointed to Jean Babineau, as an interdicted person; the proceedings were had under the *art.* 409, *of the La. Code*, and said proceedings were sufficient to constitute the said Babineau, *an interdicted person*, in the legal sense of the term, therefore, the property sold by Dugat to Bendy, is subject to the legal mortgage of the interdicted.

WESTERN DIST.
*September*, 1834.

BABINEAU
ET ALS.
*vs.*
BENDY ET ALS.

*Lewis & Brownson*, for the defendants.

1. Interdiction can only be pronounced by a judgment of the Probate Court. *Civil Code, p.* 78. *art.* 5-8. *p.* 80, *art.* 14, *and Code of Practice.*

2. There is no judgment interdicting Jean Babineau. The act set up as evidence of a judgment of interdiction, is a *nullity*, because it is written in *French*, and is not accompanied by any of the formalities required by law, in such cases; there is no petition, citation nor default taken. 1. *Martin's Digest*, 216. 1 *La. Reports*, 438.

3. No tacit mortgage can exist in this case, because *there was no person interdicted. Civil Code*, 456, *art.* 20.

4. No legal mortgage exists, except in cases *expressly* provided by law. *Civil Code*, 454, *art.* 16. *Arrêts de la Cour de Cassation, vol.* 26, *p.* 149, *n.* 46, *du* 27 *Avril* 1824, on articles 2121 *and* 2135 of *Code Napoléon;* which agree with our *Civil Code, p.* 454, *art.* 19.

5. No legal mortgage can exist in this case, against third persons, because the interdiction was not published as the law directs. *Civil Code, p.* 78, *art.* 11.

6. There is no record of the proceedings of interdiction in the parish where the land lies, to put third persons on their guard.

7. The parole testimony in the cause is not good against Bendy, for any purpose; a record of a judgment of interdiction by the proper tribunal, being the only legal evidence of that fact.

*Mathews, J.*, delivered the opinion of the court.

In this case, Dugat, one of the defendants is sued as having intermeddled with, and taken on himself, the management of the person and estate of Jean Babineau, for whom the

WESTERN DIST. plaintiff acts as curator and alleging that he, the said Jean,
*September*, 1834. is a person interdicted as incompetent to administer his own
property, &c. in consequence of being deaf and dumb from
his birth. The proceeding against the defendant, Bendy,
has for its object, to subject certain property in his possession,
as purchaser from Dugat, to a tacit or legal mortgage, which
is claimed in favor of the interdicted person, on all Dugat's
property. The court below, rendered judgment against the
latter, for the amount of funds by him received on account
of the interdicted, but decided against the claim of mortgage,
on the property in the hands of Bendy, which had been
purchased from Dugat. From this judgment, the plaintiff
appealed.

BABINEAU
*vs.*
BENDY ET ALS.

The correctness of this judgment, in relation to Dugat, is
not questioned, and the right of mortgage claimed, depends
solely on the fact, whether the deaf and dumb person was
legally interdicted.

The evidence of the case, shows that he had, during his
whole life, been considered as incapable of managing his
estate or person, with ordinary judgment and discretion, in
consequence of the want of hearing and speech ; but no
formal judgment of interdiction, seems ever to have been
pronounced by any competent tribunal. It is true, that a
curator was appointed to him, at a time when he was over
the age of majority, and after the death of the person so
appointed, Dugat, the maternal uncle of the individual
presumed to be interdicted, assumed to act for him. The
mortgage claimed on the property of the intermeddler, is one
created by law, and must be confined to cases expressly
provided for. The article of the old Code, relied on by the
plaintiff, is found at page 456, and is expressed in the follow-
ing words, " there is a legal mortgage on the property of
those, who, without being tutors or curators, have taken on
themselves, the administration of the property of minors,
persons interdicted or absent, from the day when they did the
first act of that administration."

The law prescribes certain formalities, which must be
pursued, in order to obtain a judgment of interdiction against

*The law presumes certain formalities which must be pursued in order to obtain a judgment of interdiction against a person above the age of majority.*

*The law presumes every person above the age of majority, capable of managing his own affairs, even deaf and dumb persons not excepted.*

*Where a person has not been interdicted in pursuance of law; but being deaf and dumb, and a curator appointed to manage his affairs, such curator cannot claim a legal mortgage on the real estate of another, who has intermeddled and collected moneys due said deaf and dumb person.*

any person who, from being of the age of majority, is presumed to be capable of managing his own affairs; and we know of no exception in relation to the deaf and dumb. The person in whose favor the mortgage is claimed, in the present instance, not having been interdicted in pursuance of the rules prescribed, is not one of those for whose benefit and protection the article of the Code cited provides. And according to the article 16, page, 454, of the same book, "there are no legal mortgages, but in the cases directed by law."

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs, &c.