HON. ZENON LABAUVE,   } *Associate Justices.*
HON. A. G. TALIAFERRO,* }

STATE OF LOUISIANA, ex rel. D. G. DUNCAN, et al. *v.* THE JUDGE OF THE TWELFTH JUDICIAL DISTRICT.

Articles 398 and 387 of the Civil Code must be construed in connection.
Article 387 C. C. confers on the Court full discretionary power in the appointment of administrators pro tempore.
Article 398 C. C. leaves the Court no further discretion after appointment of administrator pro tempore and he has entered upon his duties.
The Court cannot rescind the appointment without good legal cause.

APPLICATION for a Mandamus.
    *T. S. Crawford,* in propria persona.

LABAUVE, J. This is an application for a mandamus upon the Judge of the Twelfth Judicial District Court, in and for the Parish of Ouachita, to compel the said Judge to grant an appeal to this Court, from an order or judgment setting aside the appointment of a provisional administrator to Mrs. Ann M. Taylor, defendant, in a case of interdiction.

The petition states, in substance, that the relators, on the 13th January, 1866, filed a petition in said Court of Ouachita, alleging various facts going to show incapacity in said Mrs. Taylor to administer her estate, and consequently, praying for her interdiction according to law, and for the appointment, in the meantime, of an administrator pro tempore. That, thereupon, on the 19th January, 1866, the said Judge appointed the relator, D. G. Duncan, as administrator, who gave security as required by the order. That, pursuant to said order, the relator assumed possession of the movable and immovable property.

---

* Judge TALIAFERRO was appointed on the 1st of July, 1866, in the place of Judge JONES, resigned.

That the application for interdiction of said Mrs. Taylor came on for trial during the last term of said Court, and was partially tried, but for want of time was continued until next term. That, on the eve of the adjournment of said Court, the said Judge, without being moved thereto by any party, and of his own motion, rescinded his said order appointing a temporary administrator. That relator applied to said Judge for an appeal, suspensive and devolutive, to this Court, from said judgment. That the said Judge refused the said appeal.

The relators pray for a rule nisi, requiring the said Judge to show cause why a peremptory writ of mandamus should not issue.

The Judge, in answer to the rule, states, in substance, that at April term of Court; the case came on for trial on the 17th, and was continued until the evening of the 20th, which was the last day of the term, the plaintiffs having consumed four days of Court in introducing their evidence; and, the plaintiffs having closed their evidence, late in the evening of the last day of the term, he (the Judge) was fully satisfied from the evidence introduced, that the order granted in chambers, on the ex parte showing of plaintiffs, had been granted in error, and that there was no sufficient cause for making the appointment or continuing the office of administrator pro tempore.

That, by law, the making and revoking of said order was entirely within his discretion; and that he refused the appeal, believing that it was not such a judgment as authorized an appeal.

We are of the opinion that the Judge erred in refusing this appeal. It is true that the Article 389 of the Civil Code gave him, at first, the exercise of a sound discretion, and having thought proper to make the appointment, and put the property in possession of an administrator, pro tempore, he could not rescind the appointment without good and legal cause, which might be the case, as the Judge says that it is, after hearing the evidence, that he became fully satisfied that the appointment was made in error.

It seems that Article 398 of the Civil Code leaves no further discretion to the Judge, after having made the provisional appointment. Under Article 387 Civil Code, both Articles must be taken in connection.

Let a writ of peremptory mandamus issue, directed to the Judge of the 12th Judicial District, and commanding him to grant the suspensive appeal prayed for.