LAND, Justice.
 

 On May 1, 1940, five children-and eleven, grandchildren of Joseph Scurto, a resident of Terrebonne Parish, filed a joint petition in the Seventeenth Judicial .District Court for that parish, seeking to have him inter-, dieted and:deprived of the-right to manage and administer his property and effects.
 

 Petitioners prayed that an inventory and appraisement of all property belonging to •Joseph Scurto be made; that The Citizens Bank & Trust Company be appointed as administrator pro tempore to-administer his estate during the pendency of the interdiction suit; and--that Raoul -Temps be-
 
 *750
 
 appointed as underadministrator pro -tempore to Joseph Scurto.
 

 On May 1, 1940, the same day on which the petition for interdiction was filed in court, Hon. Robert B. Butler, Sr., Judge of the Seventeenth Judicial District Court, rendered the following order:
 

 "Order:
 

 “Considering the foregoing petition for Interdiction of Joseph Scurto, The Citizens Bank & Trust Co. of Houma is hereby appointed as Administrator Pro Tempore to administer the estate of said Joseph Scurto during the pendency of said interdiction suit, and Let said Administrator Pro Tempore be qualified in the manner provided by law;
 

 “It is further ordered that Raoul Toups be, and he is hereby appointed Under-Administrator Pro Tempore to said Joseph Scurto during the pendency of the within Interdiction Suit;
 

 “And Let Randolph A. Bazet, Clerk of Court and Ex-Officio Notary Public for Terrebonne Parish be, and he is hereby appointed to make an inventory and appraisement, in the manner provided by law, of all property belonging to the said Joseph Scurto.
 

 “Thus rendered, read and signed in Chambers at Houma, Louisiana, on this first day of May, 1940.”
 

 (1) The relators, Joseph Scurto, Mrs. Joseph Scurto, his wife; and Samuel Scurto, his son, in their joint application for writs of certiorari, prohibition and mandamus, made herein, allege that this order was improperly and improvidently issued and should be annulled, set aside and vacated for the following reasons:
 

 That said order was rendered ex parte, without any notice of any kind to relators, and particularly to your relator, Joseph Scurto.
 

 That said order was rendered and signed by the court upon the simple presentation of a petition for interdiction and without any evidence of any kind to justify such drastic action.
 

 That the court made no personal visit or examination of relator, and that the order was signed by the court upon the simple request of the attorney for the petitioners, and upon his affidavit alone, based upon their statements to him.
 

 That the effect of said order -is to deprive relator, Joseph Scurto, unlawfully and without warrant or justification, of the right to manage his own affairs.
 

 That relator; Joseph Scurto, is not mentally or physically unable to attend to his business and affairs; that by reason of the order, relator, Joseph Scurto, has had his property and effects taken virtually by force from his control, without semblance of any legal proceedings, and that the court has been imposed updh by petitioners, for the deliberate purpose of serving their selfish interests.
 

 (2)
 
 The record fails to show that any citation was issued to and served upon relator, Joseph Scurto, or that he had any notice otherwise of the proceedings to interdict him.
 

 
 *752
 
 The record fails to show that any attorney was appointed by the court to represent the relator, or that relator was otherwise represented by an attorney.
 

 In Vance v. Ellerbe, 150 La. 388, at pages 402 and 403, 90 So. 735, at page 740, it is said in the opinion: “We have already referred in detail to the requirements of the Code (articles 389 to 426, inclusive) on the subject of interdiction. The suit must be by petition addressed to- the probate powers of the court, and
 
 the person sought to be interdicted must be cited.
 
 Gernon v. Dubois, 23 La.Ann. 26; In re Ross, 38 La.Ann. 523; Segur v. Pellerin, 16 La. 63; Stafford v. Stafford, 1 Mart. (N.S.) 551; Babineau v. Bendy and Dugat, 7 La. 248; In re Dumas, 32 La.Ann. [679] 684.
 
 The court must appoint an attorney to defend the alleged incapacitated person, if one be not otherwise provided; else the judgment of interdiction is without effect.
 
 Gore v. Barrow, 137 La. 320, 68 So. 625.” (Italics ours.)
 

 In Gore v. Barrow, cited in Vance v. Ellerbe, supra, it is said by the court at pages 321 and 322 of 137 La., 68 So. at page 625: “Counsel for plaintiff, after quoting C.C. 391, argue that its meaning is that, where suit for interdiction
 
 is brought by relatives,
 
 the party made defendant and sought to be interdicted need not be represented, and that it is .only in cases where interdiction is sought
 
 by strangers, or where the judge acts ex officio,
 
 that the requirements of the article that the judge shall ‘name’ counsel for the defendant, if one be not already named, is to be complied with. We do not so understand the article; and if there were no provision upon the subject, we should still be of opinion that no judgment, predicated upon allegation and evidence in its support that a person is insane, and which pronounces the interdiction of such person, can, under any circumstances or for any purpose, be sustained, where it appears that no answer was filed in behalf of, and no counsel represented, or was named by the court to represent, the person thus sought to be interdicted.
 

 “ ‘A judgment rendered against a person legally incapacitated to defend himself * * * ought to be considered as one rendered “without parties and absolutely void.” ’ Bernard v. Vignaud, 1 [Mart.] N.S., [1], p. 9; Segur v. Pellerin, 16 La. [63] 68; Breaux, Fenner & Hall v. Francke, 30 La.Ann. [336] 338; Interdiction of Hellwege, 128 La. [1024] 1025, 55 So. 661.”
 

 In the case at bar, relator, Joseph Scurto, the person sought to be interdicted, filed no answer, was not represented by counsel, and no counsel was appointed for him by the court. Besides,
 
 he was not cited at all.{
 

 Under such circumstances, the order ren-‘v dered by respondent judge must be considered “as one without parties and absolutely void.”
 

 Nor is the situation changed by the re- ■ turn of respondent judge, in which he- ) states that he had known Joseph Scurto-
 
 j
 
 for many years, had lived near him and,
 
 j
 
 from knowledge which respondent judge ; personally possessed, he feels and believes-1 that Joseph Scurto should be provided.
 
 >
 
 
 *754
 
 with an administrator pro tempore during the pendency of the interdiction suit.
 

 The mere personal knowledge of respondent judge as to the mental or physical condition of Joseph Scurto, however, does not supply, and cannot supply, the want of citation or notice to the defendant, the person to be interdicted, nor can a final judgment, or an interlocutory order of any kind, be rendered against such person, legally incapacitated to defend himself, and unrepresented by counsel in a suit for interdiction.
 

 For the reasons assigned the rule nisi issued herein is made' absolute.
 

 It is now ordered that a peremptory writ of mandamus issue herein, directing the Honorable Robert B. Butler, Sr., Judge of the Seventeenth Judicial District Court for the Parish of Terrebonne, to annul, set aside and vacate the ex parte order issued by him in these proceedings on May 1, 1940, and that a writ of prohibition also issue herein, prohibiting the Honorable Robert B. Butler, Sr., Judge of said Court, and the petitioners, Mateo Scurto, Charles Scurto, Josephine Scurto, Mrs. Santa Scurto LeBlanc, wife of Edward LeBlanc, Mrs. Rose Scurto Brocato, wife of Rosario Brocato, Mary Fesi, Rose Fesi, Marguerite Fesi, Rosalie Fesi, Frank Fesi, Jennie Fesi, Antoinette Fesi, Josie Fesi, Ellen Fesi, Marie Fesi and Ann Fesi, from proceeding further herein.
 

 It is further ordered that petitioners pay all costs of this court and of the District Court.