**65 So.2d 782**

## MONTET et al. v. MONTET.

No. 40706.

April 27, 1953. ·

Rehearing Denied June 1, 1953.

J. Minos Simon, Lafayette, for plaintiffs-appellants.

Marcus A. Broussard, Abbeville, for defendant-appellee.

PONDER, Justice.

The plaintiffs, through their counsel, presented a petition to the district judge on December 15, 1951, wherein they alleged that their sister, Cora Montet, was mentally and physically incapable of caring for her person and her property and asked that she be interdicted and that a curator and undercurator be appointed to take care of her person and manage her estate. They further asked for the appointment of an administrator pro tempore to administer her estate during the proceedings and for an inventory to be made of her property. Upon presentation of the petition the district judge signed an order directing an inventory to be made of the property of Cora Montet and appointing an administrator pro tempore to administer her estate during the proceedings upon furnishing bond in the sum of $5,000. The petition and order were not filed until December 17, 1951, two days after the order was signed by the district judge. On that date, citation was issued to Cora Montet which was served on her December 18, 1951. On January 2, 1952 a rule was issued by the district judge on the motion of the attorney for the defendant ordering the plaintiffs to show cause why the order signed on December 17, 1951, appointing the administrator pro tempore should not be rescinded and set aside. The plaintiffs interposed exceptions of no right of cause of action to the rule. Prior to the hearing of the rule, the lower court annulled and set aside the order appointing the administrator pro tempore. The plaintiffs have appealed.

Plaintiffs take the position that the lower court was without authority to annul the order. Their position is based on the ground that once the administrator pro tempore has been appointed that the lower court had no further discretion in the matter and could not rescind the order. In support of their contention they cite State of Louisiana ex rel. Duncan, v. Judge of Twelfth Judicial District, 18 La.Ann. 523. Counsel for the defendant relies on the holding in the case of Interdiction of Scurto, 195 La. 747, 197 So. 417 to the effect that the person sought to be interdicted must be given notice of the interdiction proceeding and duly cited before the courts

are authorized to execute an order appointing an administrator pro tempore.

No purpose could be gained under the facts in this case by a review of the authorities cited because the order appointing the administrator pro tempore was signed two days before the petition was filed with the clerk of court. The district court is a court of record and under the provisions of Article 176 of the Code of Practice the petition must be filed with the clerk of court and endorsed by him with the date of the day, month and year when he received it.

The authority for the appointment of an administrator pro tempore is found in Article 394 LSA–C.C., which reads as follows:

"Pending the issue of the petition for interdiction, the judge may, if he deems it proper, appoint for the preservation of the movables and for the administration of the immovable estate of the defendant, an administrator *pro tempore*." (Underscoring in italics.)

Under this codal article an order signed prior to the pendency of the suit is of no effect. The trial judge could ignore the order or rescind it because it had been signed before the suit was filed. The suit could not be considered pending before the petition was filed.

For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.