hJAMES C. GULOTTA, Judge Pro Tern.
William E. Hester, III, seeks review of the trial judge’s rulings appointing his ex-wife, Susan Hester, as administrator pro tempore and provisional curatrix of their mentally and physically challenged daughter, Amanda Hester[1]. Amanda’s father also appeals the trial judge’s rulings appointing Dr. Thomas McHorse as undercurator and issuing letters of curatorship to Susan Hester.
On January 31, 1996, Susan Hester, the mother of Amanda Hester, filed a petition for the limited interdiction of her daughter for the sole purpose of managing Amanda’s financial affairs. In addition to the petition for limited interdiction, Ms. Hester also filed a motion for appointment as administrator pro tempore and provisional curatrix; motion for the appointment of an attorney to represent Amanda; and a petition including a sworn detailed descriptive list and requesting appointment of an undercuratrix. On the same date, the trial judge appointed an attorney to represent Amanda; Susan Hester as administer pro tempore and provisional eura-trix; and Dr. Thomas McHorse, Susan Hester’s brother, provisional undercurator. On February 2, 1996, the trial judge issued letters of curatorship naming Susan Hester as the provisional curatrix of Amanda Hester.
At the outset, Susan Hester questions her divorced husband’s standing to |2contest the trial judge’s rulings. In the Matter of Magee, 366 So.2d 204 (La.App. 2nd Cir.1978), our brothers on the 2nd Circuit Court found that an alleged grandson of the proposed interdict was an interested person in the interdiction proceeding with standing to oppose the appointment of the interdict’s husband as curator. Likewise, in Interdiction of *507 Scurto, 195 La. 747, 197 So. 417 (1940), the proposed interdict’s spouse and son joined the interdict in opposing the interdiction proceeding. Based on Scurto and Magee we conclude that William Hester, as the father of Amanda Hester, is an interested person in the interdiction proceeding and has standing to appeal the trial court’s rulings.
On the merits of the appeal, William Hester contends the trial judge erred in appointing Ms. Hester administrator pro tem-pore and provisional curatrix and Dr. MeHorse as undereurator in an ex parte proceeding. In that connection he argues that because no notice was given or service of citation effected on Amanda, the appointments were erroneously made. We agree.
A review of the record indicates the trial judge appointed an attorney to represent Amanda Hester on January 31,1996. Notice of the appointment and service of the interdiction pleadings were made on Amanda Hester’s appointed attorney on February 12, 1996, ten days after letters of curatorship were issued. Thus, the trial judge’s rulings were rendered prior to service being effected on Amanda Hester through her appointed attorney.
La. C.C. article 389 et seq. provides for the interdiction of persons incapable of administering their estates. La. C.C. article 389.1 was added by Acts 1981, No. 167 to allow for the limited interdiction of a person. La. C.C. article 394 allows for the appointment of a provisional administrator pending the interdiction. The Louisiana Code of Civil Procedure in article 4549 also |3recognizes that a provisional curatrix may be appointed and letters of curatorship issued.
Additional procedural requirements for the interdiction proceeding are found in La. C.C.P. article 4541 et seq. Under La. C.C.P. article 4544,'
[cjitation and service of process upon the defendant shall be made upon the defendant as in ordinary proceedings. If the defendant makes no appearance through an attorney, the court, after the expiration of the delay for answering, shall appoint an attorney to represent the defendant, upon whom citation and a copy of the petition shall be served.
While the trial judge had the authority to appoint an administrator pro tempore and provisional curator, the appointments should have been made after service had been obtained on Amanda Hester’s appointed attorney. The Louisiana Supreme Court stressed the importance of notice and service to a proposed interdict in Interdiction of Scurto. In Scurto, children and grandchildren of Joseph Scurto filed a joint petition seeking to have him interdicted. The petitioners sought to have an inventory made of Scurto’s estate and prayed for the appointment of an administrator pro tempore. On the same day the petition was filed, the trial court appointed an administrator pro tempore and ordered that an inventory be taken. Joseph Scurto, his wife, Mrs. Joseph Scurto, and one of his sons, Samuel Scurto, appealed the trial court’s rulings and sought to have the orders set aside on the basis that the order was rendered ex parte and without any notice to Joseph Scurto. The court noted that the record failed to show that any citation, or any type of notice, was issued to and served upon Scurto. Nor was an attorney appointed to represent him.
The Louisiana Supreme Court vacated the trial court’s rulings appointing |4an administrator pro tempore and ordering an inventory of Scurto’s property. In vacating the trial court’s orders, the Supreme Court recognized that “[a] judgment rendered against a person legally incapacitated to defend himself ... ought to be considered as one rendered without parties and absolutely void.” Scurto, 197 So. at 418. The court found that since Scurto had not filed an answer, was not represented by counsel, had not been appointed counsel, and had not been served with citation of process, he was legally incapacitated to defend himself and therefore, the rulings of the trial court were “without parties and absolutely void.” Id.
In the instant case, the proposed interdict, Amanda Hester, was not served with citation of process. While the trial judge appointed counsel and had counsel served with the pleadings, Amanda Hester’s appointed counsel was not served with notice of the appoint- *508 merit and citation of the pleadings until February 12, 1996, several days after the trial judge rendered its ex parte orders. At the time the trial judge rendered the orders appointing Susan Hester as administrator pro tempore and provisional curatrix, and Dr. MeHorse as provisional undercurator, Amanda Hester had not been served "with citation of process and was not represented by counsel. Under Scurto, Amanda Hester was legally incapacitated to defend herself when the trial judge issued its orders. Therefore, the judgments rendered by the trial judge should be considered as rendered “without parties and absolutely void.”
Accordingly, we hold that the trial judge’s ex parte rulings appointing Susan Hester as administrator pro tempore and provisional curatrix, Dr. MeHorse as undercurator and issuing letters of curatorship to Susan Hester are set aside and vacated. The case is remanded to the trial judge for further Isproceedings consistent with the views expressed herein.

JUDGMENT SET ASIDE AND ANNULLED. ' REMANDED.

. Amanda Hester, presently nineteen years of age, suffers from Tourette’s syndrome, obsessive-compulsive disorder and Ausberger's disease, which is similar to autism. She attended Redeemer-Seton Academy as a special education student and graduated in May, 1996. .