715 So.2d 43 (1998)
Susan Gail HESTER
v.
William Ewing HESTER, III.
No. 97-CA-2009.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1998.
*44 Robert C. Lowe, Ellen W. Kessler, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for Plaintiff-Appellee.
*45 Deonne DuBarry, Metairie, for Defendant-Appellant.
Before SCHOTT, C.J., and LOBRANO and MURRAY, JJ.
SCHOTT, Chief Judge.
This appeal is by William Ewing Hester, III (appellant) from a judgment in favor of his divorced wife, Susan Gail Hester (appellee), ordering him to transfer to appellee the sum of $4,200 for the benefit of their daughter, Amanda Stevens Hester. The funds were to be transferred from a trust account established by appellant for Amanda's benefit pursuant to the Uniform Transfers to Minors Act, LSA-R. S. 9:751 et. seq. Appellee has answered the appeal seeking damages for a frivolous appeal. We affirm the judgment, and we award damages to appellee in the amount of $10,000.
During their marriage the parties created the trust account on behalf of Amanda, who was disabled, and appointed appellant custodian. Subsequently, the parties were divorced and appellee became the primary custodian of their three children. Amanda, who was born on December 16, 1976, has been diagnosed with atypical pervasive developmental delay and obsessive compulsive disorder. She displays characteristics of autism and Tourette's Syndrome. In May 1996 she graduated from high school in a special education program. Following her graduation, she was accepted, and now attends, the University of Alabama's Horizons Program, a program for disabled adults.
Appellee brought Amanda to Alabama and incurred expenses in the amount of $1,184.52 for various deposits and miscellaneous supplies. After returning to New Orleans, she submitted these expenses to appellant for reimbursement from the trust account. Although he paid for Amanda's first semester's tuition from the account, he refused to disburse additional funds until a comprehensive child support obligation, imposed upon him by the court back in 1989, was altered to reflect that Amanda was no longer a minor.
On January 31, 1996, appellee filed a petition for limited interdiction of Amanda and was subsequently named as administratrix pro tempore and provisional curatrix. Appellant took devolutive appeals from these appointments, which this court vacated on procedural grounds and remanded for further proceedings. See, Limited Interdiction of Hester, 96-CA-1195 (La.App. 4 Cir. 11/20/96), 684 So.2d 506. Following a hearing, appellee was reappointed in the aforementioned capacities, but again, appellant has appealed from that decision. That appeal is pending on this court's docket (97-CA-1272), but no briefs have yet been filed.
Appellee filed her rule for reimbursement of the expenses incurred for Amanda in Birmingham on September 20, 1996. Appellant responded with an exception of no cause of action and he questioned her procedural capacity to bring the rule. The trial court overruled these exceptions and ordered appellant to issue a check for $4200 to appellee within twenty-four hours. The present appeal is from this judgment.
At the outset of this discussion we note that appellant fails to recognize the nature of the proceedings and the judgment from which he has appealed. We are here concerned only with the Louisiana Uniform Transfers to Minors Act (hereinafter the Act), not on the Civil Code articles on alimentary obligations. Appellant argues that appellee did not have standing to sue in her capacity as provisional curatrix or administratrix pro tempore because her appointments were vacated by this court on November 20, 1996. However, appellee filed her rule in September and the judgment was signed in October, 1996. A judgment rendered on appeal vacating an order of the trial court appointing a legal representative does not invalidate any of the official acts performed prior to the rendition of the judgment of the appellate court. LSA-C. C.P. Arts. 2122, 4548. Appellant argues that these articles are not applicable to the present case "because these articles were implemented to protect contractual obligations made by legal representatives, not to protect a legal representative's improperly receiving money." Not surprisingly, appellant cites no authority for this position which is contrary to the clear language of the articles and is patently *46 devoid of merit. In addition, appellant fails to recognize that Section 764(B) of the Act provides that the court may order the custodian to pay for the minor's benefit on the petition of "an interested person." Appellee is surely an interested person in this instance. We have readily concluded that the trial court correctly overruled appellant's exceptions.
On the merits of the case, appellant argues that the trial court abused its discretion when it ordered him to pay for expenses appellee incurred for enrolling Amanda in "college" or a post-secondary education. He continues to obfuscate the case by complaining about the 1989 child support award and by arguing the law pertaining to alimentary obligations. Appellant fails to recognize that he is a defendant in this case not because he is Amanda's father or appellee's divorced husband, but because he is the custodian of a fund which he created under the Act. The money in the account does not belong personally to him as he seems to believe. Section 764(B) of the Act provides that the court may order the custodian to expend on behalf of the minor expenses that the court considers are useful and beneficial to the minor. Amanda's attendance at the Horizons Program was clearly useful and beneficial to her; and appellant does not argue to the contrary.
Finally, appellant has never explained how his position comports with Section 770 of the Act that required him to transfer the property to Amanda when she attained eighteen years of age on December 16, 1994. In effect, appellant is the one who is without standing to contest this case because he no longer has the authority to be holding on to this money. It would behoove him to make immediate arrangements to comply with the law embodied in Section 770 by transferring "in an appropriate manner" to Amanda all of the money in the fund and not merely the small portion the court ordered him to transfer.
Having resolved to affirm the judgment, we turn to appellee's answer to the appeal in which she seeks damages for a frivolous appeal. Although authorized by C.C.P. Art. 2164, because appeals are favored, damages for a frivolous appeal will only be awarded when the appellant's purpose in filing the appeal is to delay the action or if the appealing counsel does not seriously believe the law he or she advocates. Neff v. City Planning Com'n, 95-2324 (La.App. 4 Cir.1996) 681 So.2d 6, writ denied, 96-2465 (La.12/6/96) 684 So.2d 934, citing, Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993).
In determining whether the present appeal is frivolous we cannot ignore the history of this litigation. In Hester v. Hester, 97-CA-1326 (La.App. 4 Cir. 2/11/98), 708 So.2d 462, this court provided a chronology of pleadings and actions occurring in this litigation in the past. In that case the court affirmed an award for $2,000 in sanctions against appellant, but declined to award damages against him for a frivolous appeal only because appellee had failed to answer the appeal. In still another appeal taken by appellant, 96-0189 (La.App. 4 Cir. 9/11/96), 680 So.2d 1232, writs denied, 96-2452, 96-2468 (La. 12/6/96), 684 So.2d 933, 934, this court affirmed an award for $7,500 in sanctions against him. In that case also the court declined to award damages for a frivolous appeal only because appellee had failed to answer the appeal.
Even isolated from this history of sanctionable conduct, however, the present appeal is clearly frivolous. First, in connection with his attack on appellee's standing to bring her rule appellant and his attorney stubbornly refuse to acknowledge the clear authority of C.C.P. Arts. 2122 and 4548, but instead concoct a specious theory to get around the articles with no authority to support them. Next they try to get around the clear dictates of the Louisiana Uniform Transfers to Minors Act by an exercise in obfuscation, referring to articles in the Civil Code that apply to alimentary obligations but which have nothing whatsoever to do with the Act. As of August 23, 1996, there was approximately $60,000 on deposit in the trust account. This is Amanda's money. Yet appellant is fighting in this court as he did in the trial court to prevent her from having $4,800 with not the slightest legal basis to support him. The arguments advanced by appellant, himself an attorney, and his appeal counsel are such that we are compelled to *47 conclude that they do not seriously believe the law they advocate.
Furthermore, in this case, appellant has made allegations and factual representations that are misleading and untrue. For example, he has the temerity to accuse appellee of requesting sanctions "at the drop of a hat." The history of the case outlined above demonstrates appellee's requests for sanctions were repeatedly granted because of appellant's abuse of the judicial system. Nothing in this history suggests that appellee has been guilty of this transgression. Again, in his brief, appellant makes the astounding statement that Amanda is not disabled, graduated with honors from high school, and attends college at the University of Alabama. Appellant has not only ignored the uncontroverted testimony provided by Dr. Sands and Ms. Johnson regarding Amanda's condition, but he has also ignored this court having taken judicial notice of Amanda's disabilities. See Limited Interdiction of Hester, 96-1195 (La.App. 4 Cir.11/20/96) 684 So.2d 506 (La. App. 4 Cir.1996) (noting that Amanda is mentally and physically challenged); Hester v. Hester, 97-1250 (La.App. 4 Cir. 9/3/97), 699 So.2d 1099, writ denied, 97-2746 (La.1/30/98) 709 So.2d 705 (noting that Amanda is severely disabled). Furthermore, we may assume that the Horizons Program in Alabama is not a program established for normally functioning adults; that for Amanda to have been admitted she had to possess some type of disability. Also, according to Ms. Johnson's testimony Amanda graduated from Redeemer-Seton's special education program with "honors", but she said this was not indicative of scholastic ability. This is supported by the fact that Amanda took only one scholastic course in her senior year. Lastly, Amanda does not attend a traditional college. She attends a special program that is overseen by the University of Alabama. Appellant also asserts that he is paying for two room and boards for Amanda when in fact her room and board at the Alabama program are being funded by her own trust account.
For the foregoing reasons the judgment appealed from is affirmed. The court finds that the appeal is frivolous and awards damages in favor of appellee and against appellant in the sum of ten thousand (10,000.00) dollars.
AFFIRMED; DAMAGES FOR FRIVOLOUS APPEAL AWARDED.