MAX N. TOBIAS, JR.,. Judge.-
' hThe plaintiffs, Dr. William W. Alden (“Alden”) and 1100 South Jefferson Davis Parkway, LLC (“SJDP”), appeal a 26 October 2015 judgment rendered in favor of the defendants, ■ Dennis H. Cook, Jr. (“Cook”) d/b/a LA Independent Insurance Agencies (“LAIIA”) and Daneel Lucas (“Lucas”), dismissing the plaintiffs’ action, with prejudice, on an exception of no right of action. For the reasons that follow, we affirm the trial • court’s judgment, in part, and reverse the judgment, in part, and remand for further proceédings.
This action arises out of a claim for damages, breach of contract, and bad faith for" the nonpayment of insurance benefits resulting from a theft and vandalism occurring " at SJDP’s property located at 1100 South Jefferson Davis Parkway (“the property”) in New Orleans. The plaintiffs allege that in October 2007, Alden, “individually and as an [ojfficer for” SJDP, requested that his- insurance agent, Lucas, an employee of Cook and LAIIA, procure a $500,000 all-risk commercial policy of insurance insuring the property that specifically included coverage for theft and vandalism. The defendants, as agents authorized to sell polices of insurance on behalf of Louisiana Citizens Property Insurance Company (“Citizens”), sold to Alden a Citizens policy insuring the property, representing to Alden that the Citizens’ policy was an all-risk policy that included the .theft and vandalism coverage he requested. | gOnce Aden’s payment of the premium for the Citizens policy was delivered to the defendants, the. defendants-issued-an insurance binder showing an effective date of 1-.November 2007. The plaintiffs contend that receipt of this binder confirmed that the property was covered by a Citizens commercial policy of insurance. Though Aden was subsequently provided a “confirmation of insurance sheet,” he contends that the actual Citizens policy was never received.[1]
In Decehiber 2007, less than six weeks later, the electrical, central air conditioning, and plumbing systems located at the property were vandalized causing an estimated $482,519.05 in damages. Additionally, copper wire, pipe and conduits, and components of the various vandalized systems valued at $40,000.00 were stolen from the property. Immediately upon discovering the theft and vandalism on 13 December 2007, Aden filed a police report and notified Citizens of the loss. According to the plaintiffs, on the following day, Citizens issued them Commercial Policy No. *314 FF 20007304023200 (“the Policy”).[2] Subsequently, when the plaintiffs submitted a Proof of Loss to Citizens accompanied by documentation supporting the losses, Citizens denied the claim on the basis that the alleged losses were a result of theft and vandalism arising out of the theft and, therefore, were excluded from coverage under the policy.
The plaintiffs filed suit on 5 December 2008 against Citizens seeking damages for breach of contract, errors and omissions, and bad faith due to the nonpayment of insurance benefits under the Policy for the losses sustained as a result of the | ovandalism and theft of the property. They also sued LAIIA alleging its liability for “failing to place the insurance coverage plaintiff requested, which would have provided coverage for theft, vandalism and the property damage.” Subsequently, the plaintiffs supplemented and amended their petition in February 2014, May 2014 and January 2015, adding Cook, individually and d/b/a LAIIA, and Lucas as defendants.[3]
In October 2014, Citizens filed a motion for summary judgment on the basis that the Policy excluded coverage for theft and vandalism arising out of the theft, which the trial court denied in March 2015, stating that genuine issues of material fact remained regarding enforcement of the Policy exclusions based on a lack of evidence establishing that the Policy was properly delivered to the plaintiffs prior to their alleged sustained loss. Subsequently, the plaintiffs settled their claims with Citizens and Citizens was dismissed from the suit.[4]
The plaintiffs’ claims against the remaining defendants (Cook, LAIIA, and Lucas) proceeded to trial on 13 April 2015. But, on the morning of trial, the defendants filed peremptory exceptions of no right of action and no cause of action.[5] The defendants argued that the plaintiffs had “no right of action for the remedies prayed for in their Petition” as a result of the trial court’s prior ruling denying Citizens’ motion for summary judgment. Specifically, they claimed the following:
As a result of Plaintiffs’ success in this ruling the insurance policy is deemed to not contain exclusions for theft and vandalism and Plaintiff [sic] has actually recovered for his losses under the insurance policy that was delivered by ^Defendants. Thus, plaintiffs have no right of action in this matter.[6]
On 26 October 2015, the trial court issued a judgment granting the defendants’ exception of no right of action and dismiss *315 ing the plaintiffs’ case with prejudice.[7] It is -from this judgment that the Plaintiffs filed the instant appeal.
The sole issue presented for our review is whether the trial court properly granted the defendants’ exception of no right of action.
This court reviews an appeal of an exception of no right of action de novo. Hope v. S & J Diving, Inc., 08-0282, p. 4 (La.App. 4 Cir. 9/24/08), 996 So.2d 50, 53. The peremptory exception of no right of action, La. C.C.P. art. 927 A(5), raises the question of whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 1096-98, 262 So.2d 328, 334 (1972).[8] Moreover, “[a]n action can be brought only by | Ba person having a real and actual interest which he asserts.” La. C.C.P. art. 681. An exception of no right of action “assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation.” Harvey v. Cole, 02-1704, p. 5 (La.App. 4 Cir. 4/30/03), 845 So.2d 591, 595; Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, pp. 4-5 (La.11/30/94), 646 So.2d 885, 888. A defendant "raising the exception has the burden of proving the exception. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, p. 9 (La.3/2/99), 739 So.2d 748, 755.
*316 In the instant case, the declaration page of the commercial policy issued, by Citizens contains the following:;

Name Insured and Address

1100 S JEFF DAVIS' LEG ■
4176 VINCENNES PL
NEW ORLEANS, LA 70125
Dr. William Alden is not named or designated as an insured .on the Policy’s declarations page nor is he named as an additional, insured by any endorsement thereto. Consequently; though the plaintiffs allege in their supplemental and | r,amending petitions that Alden is an “[ojfficer” of SJDP (a limited liability company), Alden does not, in his individual capacity, have a judicial interest in, or legal right to invoke, any rights or remedies arising out of the Policy. See La. R.S. 12:1320. Accordingly, we affirm that,part of the trial court judgment dismissing Alden’s claims, finding that he does hot have a right of action or a legal interest to sue upon the causes of action asserted against the defendants.
Contrariwise, because SJDP is a named insured on the Policy, and is suing the defendants for causes of action arising out of the Policy that they procured at Alden’s and SJDP’s direction, clearly SJDP has a legal interest in the subject matter of this litigation, The trial court committed legal error in concluding otherwise.
Accordingly, we reverse that part of the judgment that' dismisses the claims of SJDP against the, defendants and remand the matter for further proceedings.
CONCLUSION
- For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded to the trial court for further proceedings.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. A copy of the “confirmation of insurance” referenced by the plaintiffs is contained in the record as an exhibit to their first supplemental and amending petition. While the document references an application for a commercial policy with corresponding policy limits of $500,000 for “Property Address: 110Ó S Jeff Davis” in “New Orleans, LA 70125,” the document does not identify the applicant’s name or a name insured.

. A certified copy of the Policy issued by Citizens is contained in the record on appeal. The declaration page confirms that the “Issued Date" of the Policy was "11/14/2007,” with an effective date of 6 November 2007.

. In their supplemental and amending petition of May 2014, the plaintiffs also added as defendants, Colony Insurance Company and Admiral Insurance Company, as the errors and omissions insurers of Cook, LAIIA, and Lucas. These new defendants were dismissed on motions for summary judgment on 13 March 2015 due to a lack of insurance coverage.

. Contained in the record on appeal is an order dated 5 May 2015 dismissing the plaintiffs’ claims against Citizens, with prejudice.

. Cook and LAIIA filed written exceptions of no right of action and no cause of action; Lucas orally joined in the motions.

. Regarding their exception of no cause of action, the defendants argued that because the “Plaintiffs received full coverage without exceptions as requested,” their claim against the defendants for "failure to place the coverage which was requested” was no longer valid.

. In the 26 October 2015 judgment, the trial court denied the defendants' exception of no cause of action. The defendants did not seek supervisory appellate review of the judgment denying that exception; neither have they sought review of that ruling in the context of the present appeal. Accordingly, we preter-mit any discussion regarding the correctness of that portion of the judgment.

. Specifically, Babineaux stated in pertinent part:
There has been much discussion about the purpose of the exception of no right of action, and many attempts to differentiate that exception from the exception of no cause of action. One of the best statements of the definition of no right of action and of the basis of the distinction between it and no cause of action was given by the late Henry George McMahon: 'The former (no cause of action) is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff;. the latter (no right of action) is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally.' McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.Rev. 17, 29-30See also McMahon, Parties Litigant in Louisiana, 11 Tul.L.Rev. 529-30. The exception of no right of action, however, cannot be invoked to determine whether a particular defendant can stand in judgment in a particular case, i.e., whether the right or remedy can be exercised against that defendant. In Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir.1967), Mr. Justice Tate of our court, then . writing for the Court of Appeal, correctly stated the purpose of the exception of no right of action: 'The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants. the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. * * * ‘In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for the purpose of deciding the exception) that a valid cause of action is pleaded by the petition. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727.’
Babineaux, 261 La. at 1095-97, 262 So.2d at 333-34 (footnote omitted).