Judge Dennis R. Bagneris, Pro Tempore
Appellant, Richard Zimmer, appeals the dismissal of his Petition for Intervention in the interdiction proceedings concerning his 18-year old daughter, Mattie Zimmer. He also appeals the district court's denial of his motion to stay the interdiction proceedings pending resolution of this appeal. For the reasons that follow, we find that the judgment of the district court should be reversed, and this matter remanded to district court.
FACTUAL AND PROCEDURAL BACKGROUND
Appellant, Richard Zimmer ("Mr. Zimmer"), is the father of 18-year old Mattie Zimmer ("Mattie"). His former wife, Jamie Landry-Zimmer ("Ms. Landry-Zimmer"), is Mattie's mother. Upon Mattie's turning 18 years of age, Ms. Landry-Zimmer filed a Petition for Interdiction seeking Mattie's interdiction due to medical issues.
Attorney David Gernhauser was appointed curator ad hoc to represent Mattie in the interdiction pursuant to La. C.C.P. article 4544, and Mr. Zimmer received notice of the proceedings pursuant to La. C.C.P. article 4543.
Following receipt of that notice, Mr. Zimmer filed a Petition for Intervention objecting to the interdiction of Mattie, and alternatively praying that he be appointed as curator for Mattie, or in the further alternative, as undercurator. Ms. Landry-Zimmer filed peremptory exceptions of no cause of action and no right of action to the Intervention. Prior to the hearing on the exceptions, Ms. Landry-Zimmer voluntarily dismissed her exception of no right of action. After a hearing on the exception of no cause of action, the district court maintained that exception and dismissed Mr. Zimmer's Petition for Intervention.
Mr. Zimmer filed a timely Motion for Devolutive Appeal, appealing the judgment dismissing his Petition for Intervention, and requesting a stay of the district court proceedings pending his appeal. The district court granted the devolutive appeal and denied the stay. The instant appeal was timely filed.[1]
*672 On appeal, Mr. Zimmer asserts three assignments of error, namely:
1) The district court committed manifest legal error when it sustained Ms. Landry-Zimmer's exception of no cause of action and dismissed Mr. Zimmer's Petition for Intervention;
2) The district court abused its discretion and committed manifest error in refusing to allow the Appellant to amend his Petition for Intervention to remove the grounds for the exception of no cause of action; and
3) The district court abused its discretion in refusing to stay the district court proceedings pending the appeal.
DISCUSSION
The district court erred when it sustained Ms. Landry-Zimmer's exception of no cause of action and dismissed Mr. Zimmer's Petition of Intervention.
In his first assignment of error, Mr. Zimmer takes issue with the district court's ruling maintaining Ms. Landry-Zimmer's exception of no cause of action and dismissing his intervention. In maintaining the exception, the district judge stated: "Mr. Zimmer does not have a justiciable interest in, and connexity to, the principal action, and the interest is not so related or connected to the facts or object of the principal action that a judgment under principal action will have a direct impact on his rights. Thus the Exception of No Cause of Action is granted." Rec. 116.
Despite the fact that the litigants and the district court have captioned and characterized the subject exception as one for no cause of action, in our view it is more properly designated as an exception of no right of action. Although the exceptions of no cause of action and no right of action are often confused or improperly combined, they are separate and distinct. Badeaux v. Southwest Computer Bureau, Inc. , 05-0612, 05-719, p. 6 (La. 3/17/06), 929 So.2d 1211, 1216. The peremptory exception of no right of action questions "whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted." Alden v. Louisiana Citizens Prop. Ins. Co. , 16-0044, p. 4 (La. App. 4 Cir. 6/29/16), 197 So.3d 312, 315, citing Babineaux v. Pernie-Bailey Drilling Co. , 261 La. 1080, 262 So.2d 328, 334 (1972). In contrast, the peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy to anyone based on the facts alleged in the pleading. Dillon v. Toys R Us-Delaware Corp. , 16-0983, p. 2 (La. App. 4 Cir. 5/31/17), 221 So.3d 876, 877, citing Industrial Cos., Inc. v. Durbin , 02-0665, p. 6 (La. 1/28/03), 837 So.2d 1207, 1212.
A review of the exception filed in this matter reveals that the exception was directed to the question of whether Mr. Zimmer has a justiciable right sufficiently connected to the main demand upon which to base his intervention. We note that "the proper procedural exception to challenge the appellant's 'justiciable right' ... is the exception of No Right of Action." Atchley v. Atchley , 97-474, p. 2, 707 So.2d 458, 459 (La. App. 5 Cir. 1/14/98). Likewise, where an exception is based upon "the lack of connexity between the intervention and the principal demand, the proper exception is one raising the objection of no right of action...." IberiaBank v. Live Oak Circle Dev., L.L.C. , 12-1636, p. 6 (La. App. 1 Cir. 5/13/13), 118 So.3d 27, 31. Thus, the exception at issue in this matter was mischaracterized and is properly *673 considered an exception of no right of action.[2]
However, "[h]arsh rules of pleading are not favored in this state." State, Dep't of Children & Family Servs. ex rel. A.L. v. Lowrie , 14-1025, p. 5 (La. 5/5/15), 167 So.3d 573, 578. Instead, "[e]ach pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice." Id. , citations omitted. Thus, "our current practice directs us particularly to treat a mistakenly designated peremptory exception ... as if it were properly designated." Hightower v. Schwartz , 14-0431, pp. 6-7 (La. App. 4 Cir. 10/15/14), 151 So.3d 903, 906.
Applying these principles, we treat Ms. Landry-Zimmer's mistakenly designated peremptory exception of no cause of action as a properly designated exception of no right of action. We review an appeal of an exception of no right of action de novo . Alden , 16-0044 at p. 4, 197 So.3d at 315. Because it arises in the context of an intervention, it must be considered in conjunction with the statutory provisions which permit a party to intervene. Amoco Prod. Co. v. Columbia Gas Transmission Corp. , 455 So.2d 1260, 1263 (La. App. 4th Cir. 1984).
Louisiana Code of Civil Procedure article 1091, authorizing third party interventions, provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
La. C.C.P. art. 1091.
This article has been interpreted to require that a justiciable right must exist, and that the right must have a connexity with the facts, circumstances, and objects of the main demand. Harrison v. Gaylord's Nat'l Corp. , 539 So.2d 909, 910 (La. App. 4th Cir. 1989). A "justiciable right" for purposes of La. C.C.P. art. 1091"means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." Amoco Prod. Co. , 455 So.2d at 1264. Connexity is present if the intervenor's claim is "so related or connected to the facts or object of the main action that a judgment on the main action will have a direct impact on the intervenor's rights." Id.
In the case at bar, Mr. Zimmer's intervention petition seeks, inter alia , that he be named curator or undercurator of his daughter. As a parent of the defendant, he ranks highest in statutory preference (co-equal with Ms. Landry-Zimmer) of the possible appointees for this role.[3] His claim *674 is in direct opposition to the prayer of petitioner, Ms. Landry-Zimmer, that she be named curatrix and her mother undercuratrix. In addition, because the judgment in the interdiction determines which of these parties is named curator or undercurator, it has a direct impact on the intervenor's rights. Accordingly, we find that Mr. Zimmer's intervention has the requisite justiciability and connexity to the main demand to confer a right of action.
We also note that in a somewhat analogous case, this Court determined that the father of an adult proposed interdict has a legal interest in the interdiction proceeding. See Ltd. Interdiction of Hester , 96-1195, p. 2 (La. App. 4 Cir. 11/20/96), 684 So.2d 506, 507. The proposed interdict in Hester was a divorced couple's 19-year old daughter who suffered from a variety of conditions. Id. at p.1, n.1, 684 So.2d at 506, n. 1. Her mother petitioned for her interdiction, and following the judgment of the district court naming the mother as curatrix and the defendant's brother as undercurator, the father sought appellate review of those rulings. Id. at p. 1, 684 So.2d at 506. The mother challenged her divorced husband's standing to contest the trial judge's rulings. Id. at pp. 1-2, 684 So.2d at 506. Citing case law holding that an alleged grandson of a proposed interdict was an interested person in the interdiction proceeding, with standing to oppose the appointment of the interdict's husband as curator,[4] and that a proposed interdict's spouse and son validly joined the interdict in opposing the interdiction proceeding,[5] this Court concluded that William Hester, as the father, was "an interested person in the interdiction proceeding and has standing to appeal the trial court's rulings." Id. at p. 2, 684 So.2d at 507.
This conclusion is in keeping with the requirement that the petitioner for interdiction include the names of the proposed interdict's parents in the petition for interdiction, and that the parents receive notice of the interdiction petition. See , La. C.C.P. arts. 4541, 4543. It is further buttressed by the fact, as noted above, that parents are listed as preferential appointees as curator. La. C.C. P. art. 4561(C). For all of the foregoing reasons, we find that the district court erred in sustaining Ms. Landry-Zimmer's exception and dismissing Mr. Zimmer's intervention.
Because we find that the intervention should have been allowed, we pretermit the issue of whether the district court erred in refusing to allow Mr. Zimmer to amend his Petition for Intervention to remove the grounds for the exception.
The trial court did not abuse its discretion in refusing to stay the trial court proceedings pending the appeal of the dismissal of his Petition for Intervention.
Mr. Zimmer also asserts that the trial court abused its discretion in refusing *675 to stay the interdiction proceeding during the pendency of the instant appeal. We disagree. A trial court's denial of a motion for stay should not be disturbed absent an abuse of discretion. Hester v. Hester , 98-0854, p. 4 (La. App. 4 Cir. 5/13/98), 715 So.2d 40, 42. Mr. Zimmer asked for and was granted leave to file a devolutive appeal, rather than a suspensive appeal. A devolutive appeal, by definition, "does not suspend the effect or the execution of an appealable order or judgment." La. C.C. P. art. 2087. Moreover, our Code of Civil Procedure directs that interdiction proceedings shall be heard summarily and by preference in accordance with La.C.C.P. art. 4547. Given these facts and law, we cannot conclude that the district court abused its discretion in denying the motion to stay.
CONCLUSION
For all of the foregoing reasons, we find that the judgment of the trial court should be reversed, and this matter remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED

Following the lodging of the record, Appellee moved to supplement the record with a transcript of the interdiction hearing which took place after the appealed judgment. "An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence." Miccol Enterprises, Inc. v. City of New Orleans , 12-0864, p. 7 (La. App. 4 Cir. 12/19/12), 106 So.3d 746, 750. Because the material with which appellee sought to supplement the record was not before the trial court or considered by it in rendering the judgment appealed from, it is new evidence and therefore cannot be considered.

With respect to the question of cause of action, Ms. Landry-Zimmer has argued that in opposing the interdiction, Mr. Zimmer seeks to protect his daughter's rights rather than his own. We note that the intervention seeks, inter alia , that Mr. Zimmer be named either curator or undercurator. The Code of Civil Procedure clearly contemplates an action for a parent to be named curator or undercurator for an adult child. La. C.C.P. art. 4561(C). Accordingly, leaving aside the other allegations of the intervention, at a minimum, Mr. Zimmer has stated a cause of action to be named curator.

The Code of Civil Procedure requires that:
(1) The court shall consider the qualified persons [for appointment as curator] in the following order of preference:
(a) A person designated by the defendant in a writing signed by him while he had sufficient ability to communicate a reasoned preference.
(b) The spouse of the defendant.
(c) An adult child of the defendant.
(d) A parent of the defendant.
(e) An individual with whom the defendant has resided for more than six months prior to the filing of the petition.
(f) Any other person.
La. C.C.P. art. 4561(C). In the instant case, defendant did not designate a curatrix in writing, and has no spouse or adult children, so her parents have the highest statutory preference for appointment as curator/curatrix.

Matter of Magee , 366 So.2d 204 (La. App. 2nd Cir.1978).

Interdiction of Scurto , 195 La. 747, 197 So. 417 (1940).