| JAMES L. CANNELLA, Judge.
Appellant, Ann Sobel Greenblatt (Ann), appeals from the trial judge’s ruling, which granted Michael Greenblatt’s (Michael) Exception of No Cause of Action and dismissed her Petition for Visitation of Emily Lori Greenblatt. Ann also requests reversal of the trial court’s denial of her Motion for New Trial. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Michael and Ann are divorced. They had two daughters, Carolyn and Emily. Emily, the focus of this lawsuit, is autistic. After their divorce, Ann and Michael were awarded joint custody of their daughters, with Ann designated as the primary physical custodian. On May 5, 1999, Michael filed a Petition for Interdiction of Emily Lori Greenblatt, seeking to be named curator.[1] On June 24, 1999, after a contradictory hearing, the trial judge enjoined Ann from any form of communication with Michael or Emily. On July 2, 1999, Ann filed a Petition for Curatorship, also seeking to be named curator. The trial judge heard testimony on this matter on July 7 and July 8,1999.
On July 29, 1999, the trial judge interdicted Emily, appointed Michael as curator and appointed Louisiana Guardianship Services, Inc. as undercurator. After she was interdicted, Emily |swas moved into a supervised independent living program in Metairie. On April 11, 2000, Ann, concerned about Emily’s new living situation, filed a Motion to Set Emergency Status Conference claiming that Michael’s “behavior ... as curator ... will have long[-] term detrimental affeets[sic] on the psychological!,] social and nutritional welfare of Emily Lori Greenblatt.” Judge Alan Green recused himself and the case was re-allotted to Judge Fredericka Wicker.[2]
On August 29, 2000, Ann filed a Petition for Visitation alleging that Michael had prevented her from visiting Emily for over a year. On September 21, 2000, Michael filed exceptions to Ann’s petition, including no cause of action, lack of subject matter jurisdiction, unauthorized use of summary proceeding, insufficiency of service of process, and res judicata. He also filed a motion for sanctions pursuant to La.C.C.P. art. 863.
On September 29, 2000, the trial judge heard the matter. On October 10, 2000, *924 the trial judge granted Michael’s exception of no cause of action and dismissed Ann’s Petition for Visitation, with prejudice, finding that Ann had no standing in “this interdiction proceeding.” The trial judge continued the motion for sanctions without date and, based on her finding that Ann’s petition failed to state a cause of action, decreed that all other exceptions filed by Michael “are not addressed.”
On October 10, 2000, Ann filed a Motion for New Trial, alleging that the trial judge’s ruling on her Petition for Visitation was contrary to the law and evidence. After a hearing on November 17, 2000, the trial judge denied Ann’s Motion for New Trial on December 5, 2000. On December 12, 2000, Ann filed a supervisory writ application, which was denied on December 14, 2000. On December 19, 2000, Ann filed this appeal.
In her appellate brief, Ann asserts two assignments of error. First, the trial court erred in granting Michael’s exception of no cause of action and dismissing Ann’s Petition for Visitation with prejudice. Second, the trial court erred in finding that Ann has no standing in this interdiction proceeding. Ann contends that, as an “interested party” to Emily’s interdiction, she filed for |4visitation to alert the trial judge that neither she nor Carolyn were allowed to visit Emily for over a year. In support of her rights as an “interested party,” Ann cites three reported decisions: Interdiction of Scurto, 195 La. 747, 197 So. 417 (1940); In re Interdiction of Magee, 366 So.2d 204 (La.App. 2nd Cir.1978), and Limited Interdiction of Hester, 96-1195 (La.App. 4th Cir.11/20/96), 684 So.2d 506. While Ann concedes that there is no statutory authority entitling an adult to court ordered visitation with another adult, she argues that there is no statutory authority preventing an “interested party” from seeking visitation.
In brief, Michael maintains that the trial court correctly granted his exception of no cause of action. He also notes that the cases which Ann cites are distinguishable from this case because, in those cases, the “interested party” challenged the appointment of the curator.
In City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, the Louisiana Supreme Court set forth the following with regard to an exception of no cause of action, including the applicable standard of review:
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true.
* * *
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party.
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to de novo review because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition.
In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is wheth *925 er in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiffs allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory.
IsAs a practical matter, an exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insuperable bar to relief. In other words, dismissal is justified only when the allegations of the petition itself clearly demonstrate that the plaintiff does not have a cause of action, or when its allegations indicate the existence of an affirmative defense that appears clearly on the face of the pleading.
Id. at 241, 253.
The rules governing interdiction are found in La.C.C. arts. 389 et seq., La. C.C.P. arts. 4541 et seq., and La.R.S. 9:1001 et seq.[3] Interdiction is a harsh remedy and is available upon proof that the person to be interdicted is mentally incapable of administering his or her estate and is unable to take care of his or her person. La.C.C. art. 389. The party petitioning for the interdiction must prove by clear and convincing evidence that the person to be interdicted is not capable of caring for herself and/or finances. La. C.C. art 393. Once this is done, the trial court must appoint a curator (or euratrix), undercurator (or undercuratrix) and a superintendent to oversee the activities of the curator or euratrix. La.C.C. arts. 404, 406, 424. In order to further protect the interests of the person interdicted, the trial court shall appoint a superintendent whose duty it is to inform the trial judge, at least once every three months, of the state of the health of the interdicted person, and the manner in which she is treated. La.C.C. art. 424.
Further, it is the duty of the trial judge to visit the person interdicted, whenever the information he receives deems it expedient. La.C.C. art. 425. Finally, the trial court may order that an interdict be attended in his own home, in a hospital, or in any other place, within or without the state, taking into consideration the nature of his incapacity and the value of her property. If necessary, the court may order that an interdict be confined in safe custody. La.C.C.P. art. 4555.
| ¿The issue here is whether Ann’s Petition for Visitation states a valid cause of action for which the law affords a remedy. A review of Ann’s petition in light of the substantive law on interdiction in the light most favorable to her, and with every doubt resolved in her behalf, supports the trial court’s finding that the law does not afford a remedy to her.
When the grounds of the objection pled by the peremptory exception may be re *926 moved by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. La. C.C.P. art. 934. In this case, it does not appear that the grounds of Michael’s objection could have been removed by amendment of the pleadings. Therefore, we find that dismissal of the petition was proper.
Finally, Ann requests “appellate relief’ from the trial court’s denial of her Motion for New Trial. She did not, however, argue that issue in her appellate brief and, as such, the issue is deemed abandoned. See Rule 2-12.4 of the Uniform Rules of the Courts of Appeal.
For the foregoing reasons, we affirm the trial court’s rulings sustaining Michael’s exception of no cause of action and denying Ann’s Motion for New Trial. Costs of this appeal are to be assessed to Ann.
AFFIRMED.

. The record does not disclose Emily’s date of birth but both parties in briefs agree that, when the first petition for interdiction was filed, she had reached the age of majority.

. From the limited record of the interdiction proceedings presented on appeal, it does not appear that Judge Green appointed a superintendent as required by La.C.C.P. 424. See In re Smith, 94-262 (La.App. 5th Cir. 11/16/94), 646 So.2d 1052, 1061. Later, however, Judge Wicker appointed an attorney who specializes in Mental Health Advocacy to represent Emily at a hearing to appoint a superintendent and, according to Michael, also appointed that attorney as Emily's superintendent.

. By Acts 2000, 1st Ex.Sess. No. 25, § 1, effective July 1, 2001, Title IX of the Louisiana Civil Code, entitled “Of persons incapable of administering their estates, whether on account of insanity or some other infirmity, and of their interdiction and curatorship", and consisting of Articles 389 to 426 was amended and reenacted as Title IX, “Persons unable to care for their persons or property”, consisting of Articles 389 to 399. Section 2 of Act 25 amended and reenacted Civil Code Articles 1482 and 2319, and § 4 repealed R.S. 9:1001 through 9:1004. Section 3 of Acts 2000, 1st Ex.Sess. No. 25, revised Title VIII, “Interdiction and curatorship of interdicts”, consisting of Articles 4541 to 4557 of Book VII of the Code of Civil Procedure, to comprise Chapter 1, Articles 4541 to 4556, and Chapter 2, Articles 4561 to 4569. The amendment to Louisiana's code articles on interdiction does not affect this appeal.