IN RE INTERDICTION OF
GLORIA LANASA RASPANTI

NO. 23-C-544

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 18, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** GLORIA LANASA RASPANTI

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 839-194

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Scott U. Schlegel

## WRIT GRANTED

In this writ application, relator, Gloria Lanasa Raspanti, seeks review of the trial court's interim judgment of October 4, 2023, in which the parties to an interdiction proceeding were ordered to participate in a visitation plan granting visitation with respondent, Joseph Raspanti, relator's adult son.[1] For the following reasons, we grant the writ application, and vacate the second, third, and fifth decretal paragraphs of the October 4, 2023 interim judgment related to visitation.

On March 29, 2023, respondent filed an action to interdict his 96-year-old mother, Gloria Raspanti. Janine Raspanti, relator's 70-year-old daughter who serves as her primary in-home caretaker, intervened in the interdiction

---

[1] Two appeals related to this writ application have also been filed: (1) *In re Interdiction of Gloria Raspanti*, No. 23-CA-557, filed by Janine Raspanti, appeals from the October 4, 2023 Interim Judgment; and (2) *In re Interdiction of Gloria Raspanti*, No. 23-CA-579, filed by Gloria Raspanti, seeks a suspensive appeal from the October 4, 2023 Interim Judgment.

proceedings. Relator and intervenor have vigorously contested the interdiction. The trial judge has not entered an order of interdiction.

After respondent filed the interdiction proceeding, disputes arose regarding his attempts to visit relator at the home she shares with intervenor. On August 29, 2023, the parties entered into an Interim Consent Judgment, which provided that: (1) respondent "shall enjoy visitation" with relator at her home at least once a week on Thursday or Friday at 1:00 p.m. for up to two hours, "as determined by" relator; (2) if relator wished, less restrictive visitation arrangements could be arranged; and (3) relator could have anyone present at respondent's visits, except intervenor.

The Interim Consent Judgment did not resolve the parties' problems. On September 21, 2023, the trial court heard respondent's Motion for Contempt against intervenor and his Motion for Access and Visitation Rights with relator. On October 4, 2023, the trial court issued the interim judgment, which is the subject of the pending writ application. The interim judgment orders, *inter alia*, that:

> • Joseph Raspanti be given unfettered and fully-unrestricted access and visitation rights to see his mother, Gloria Raspanti, between the hours of 11:00 a.m. and 8:00 p.m. on any given day with each visit not to exceed two (2) hours at the residence located at . . ., and

> • as to any visit by Joseph Raspanti, that he contact Janine by phone and inform her of the time he will come to visit his mother, and notify her of any other family members that may be accompanying him. With her consent, Joseph Raspanti may remove his mother from her residence. If Gloria Raspanti clearly asserts that she does not wish to leave her residence for another location, Joseph Raspanti is obligated to comply with this request and confine his visit to that residence. Janine Raspanti shall not be physically present within one hundred (100) yards of the situs of any visit between Joseph and Gloria Raspanti.

Relator asserts that the trial court erred by issuing the interim judgment because it improperly compels her to participate in visitation with respondent and grants respondent "unfettered and fully-unrestricted access and visitation" with her, without recognizing her right to associate with the persons of her choice.

Relator further argues that the trial court erred in granting the Motion for Access and Visitation Rights without meeting any of the requirements for a temporary or preliminary interdiction or meeting the requirements of a restraining order. Intervenor supports relator's writ application and further argues that the judgment improperly orders her to vacate the home where she lives with relator during respondent's visits.

Respondent argues that relator testified at the hearing that relator wants to see him, and that there is no evidence that respondent has ever attempted to restrict his mother's travel, her wishes, or her right to see him or not see him. Respondent asserts that he only wants the right to see his mother without the intervenor being present.

The Court agrees with relator that the trial court exceeded its authority by giving respondent "unfettered and fully-unrestricted access and visitation rights" to see his mother. La. C.C. art. 27 provides that "[a]ll natural persons enjoy general legal capacity to have rights and duties." Relator has not been interdicted and is a competent adult.

The case of *In re Interdiction of Greenblatt*, 01-300 (La. App. 5 Cir. 10/17/01), 800 So.2d 922, 925, is instructive. In *Greenblatt*, the plaintiff, filed a petition for visitation alleging she should be allowed visits with her autistic adult daughter who had already been interdicted. Her ex-husband, the curator, filed an exception of no cause of action, which the trial court granted. On appeal, the plaintiff conceded that "there is no statutory authority entitling an adult to court ordered visitation with another adult," but argued that she had a cause of action to obtain an order of visitation. *Id.* at 924. This Court disagreed, affirming the trial court's grant of the curator's exception of no cause of action:

> The issue here is whether Ann's Petition for Visitation states a valid cause of action for which the law affords a remedy. A review of Ann's petition in light of the substantive law on interdiction in the light most

favorable to her, and with every doubt resolved in her behalf, supports the trial court's finding that the law does not afford a remedy to her.

*Id.* at 925.  Just as the mother in *Greenblatt* had no cause of action to obtain an order permitting her to visit her adult daughter, neither does respondent have a right to a court order mandating that he be permitted to visit relator, especially over her objection to the trial court's interim judgment.

The trial court exceeded its authority by ordering respondent to have unfettered access to relator during certain hours.  Gloria Raspanti has not been interdicted.  Consequently, respondent does not have the right to obtain a court order mandating that he be permitted to visit relator.  Further, having determined that respondent is not entitled to visitation, the portion of the order imposing conditions and restrictions during respondent's visits, including requiring intervenor to leave the home, is moot.

Considering the foregoing, we vacate the second, third, and fifth decretal paragraphs of the October 4, 2023 interim judgment related to visitation.

Gretna, Louisiana, this 18th day of January, 2024.

**SUS**
**MEJ**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/18/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-544**

### E-NOTIFIED

24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Albert J. Derbes, IV (Respondent)
Arthur D. Dupre, Jr. (Respondent)

Yvette A. D'Aunoy (Relator)
Brett M. Dupuy (Relator)
Eric J. Derbes (Respondent)
Jerry W. Sullivan (Respondent)

### MAILED

Paul R. Solouki (Respondent)
Attorney at Law
3838 North Causeway Boulevard
Suite 3010
Metairie, LA 70002

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Paul R. Solouki
Attorney at Law
3838 North Causeway Boulevard
Suite 3010
Metairie, LA 70002
23-C-544                    01-18-24

|||||||||||||||||||||||||||||||||||||||||||||||||||

9590 9402 2434 6249 3567 43

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7967

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____    ☐ Agent
                              ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
                                    1.22-24

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt